WILLIAM O. PLATT et al., as Trustees, Appellants, *v.* NEW YORK AND SEA BEACH RAILWAY COMPANY et al., Defendants.

GEORGE EDWIN JOSEPH, as Receiver, Respondent; JAMES T. NELSON, as Receiver, Appellant.

1. RECEIVERS — ORDERS APPOINTING AND AUTHORIZING ACTS OF, NOT VOID AB INITIO, CAN BE CORRECTED BY APPEAL OR BY MOTION ONLY, NOT BY COLLATERAL ATTACK. Orders authorizing the receiver of a railroad company to take possession, with other property of the company, of money earned by the railroad before his appointment, and directing him to pay over the funds received by him, including such money, to the trustees of the bondholders after deducting the expenses of the receivership, which may have been erroneous in that respect, because such money belonged in equity to the general creditors in preference to the bondholders, are not void *ab initio*, however, where the court had jurisdiction of the person and subject-matter of the controversy, and the error, if any, can be corrected only by appeal or by motion, and not by a collateral attack; if the orders have never been reversed or modified, the receiver is protected by them, and a Special Term of the Supreme Court cannot lawfully require him to pay over such money to a receiver appointed in a sequestration action brought against the company by a judgment creditor thereof.

2. IMPROPER PRACTICE. The practice of moving before one judge at Special Term to declare void the order or judgment of another judge at Special Term is not sanctioned by any provision of the Code of Civil Procedure, or by any other controlling authority.

*Platt* v. *N. Y. & Sea Beach Ry. Co.*, 63 App. Div. 401, reversed.

(Argued March 28, 1902; decided April 8, 1902.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, made July 25, 1901, which affirmed in part and reversed in part an order of Special Term denying a motion to require James T. Nelson, as receiver, to pay over certain money and for other relief.

The facts, so far as material, and the questions certified, are stated in the opinion.

*Charles F. Brown, Thomas J. Sanson* and *Henry H. Man* for appellants. All proceedings in the foreclosure suit bound

and still bind the permanent receiver. ( *Van Wagoner* v. *P.
G. L. Co.*, 23 N. J. L. 283 ; 20 Am. & Eng. Ency. of Law
[1st ed.], 239, n. 1 ; *Hyde* v. *Lynde*, 4 N. Y. 387, 392 ; *Berry*
v. *Brett*, 6 Bosw. 627 ; *Bank of N. A.* v. *Wheeler*, 28 Conn.
433 ; *Herring* v. *N. Y., L. E. & W. R. R. Co.*, 105 N. Y.
340 ; *Leavitt* v. *Walcott*, 95 N. Y. 212 ; *Williams* v. *Bark-
ley*, 165 N. Y. 148 ; *Hughes* v. *Cuming*, 165 N. Y. 91 ;
*Decker* v. *Gardiner*, 124 N. Y. 334.) Nelson brought the
moneys in controversy distinctly *sub judice* in his account.
The court determined that they were covered by the mort-
gage, and that determination stands unattacked and perfect.
(*Herring* v. *N. Y., L. E. & W. R. R. Co.*, 105 N. Y. 340 ;
*Stannard* v. *Hubbell*, 123 N. Y. 520 ; *Phillips* v. *Negley*,
117 U. S. 665 ; Freeman on Judg. § 70.) The question
in this court is to be determined upon the rules applicable to
collateral attacks and not to those applicable to direct attacks
upon adjudications. (*N. Y. S. & T. Co.* v. *S. G. & E. L. Co.*,
159 N. Y. 137 ; *Herring* v. *N. Y., L. E. & W. R. R. Co.*, 105
N. Y. 340 ; *Griffin* v. *L. I. R. R. Co.*, 102 N. Y. 449 ;
*Goebel* v. *Iffla*, 111 N. Y. 170 ; *Jordan* v. *Van Epps*, 85
N. Y. 427 ; *Jenkins* v. *Fahey*, 73 N. Y. 355 ; *Hughes* v.
*Cuming*, 165 N. Y. 91 ; *People* v. *Sturtevant*, 9 N. Y.
263.) It was error to order delivery of the books and vouch-
ers on the present application. (*Matter of Davies*, 168 N.
Y. 89 ; *People ex rel.* v. *Dem. Com.*, 164 N. Y. 335 ; *Ault-
man Co.* v. *Syme*, 163 N. Y. 54 ; *People ex rel.* v. *Angle*,
109 N. Y. 564.) Nelson having, as receiver, paid out the
moneys in controversy under an order of the court, cannot be
required to make restitution. ( *Willis* v. *Sharp*, 124 N. Y.
406.) None of the questions of fact suggested by the
respondent's moving papers can be considered. (*Matter of
Haxtun*, 102 N. Y. 157 ; *Wetmore* v. *Wetmore*, 162 N. Y.
503.)

*Joseph Wamsley* for respondent. The moneys of the
mortgagor on hand or deposit when Receiver Nelson took
possession of the mortgaged property, being the moneys in

question, were not covered by the second mortgage fore-closed. (*N. Y. S. & T. Co.* v. *S. G. & E. L. Co.*, 159 N. Y. 137; *Gilman* v. *I. & M. Tel. Co.*, 91 U. S. 603; *F. S. B. & T. Co.*, v. *Shepard*, 127 U. S. 494; *Frayser* v. *R. & S. R. R. Co.*, 81 Va. 388; *Gilbert* v. *W. C., V. M. & G. S. R. R. Co.*, 13 Gratt. 645; *Teal* v. *Walker*, 111 U. S. 242.) The sole purpose of this action being to foreclose said second mortgage, and the moneys in question not being covered thereby, the court had no jurisdiction herein over said moneys, so as to be able, by any order or decree herein to change the ownership thereof, or to divest or impair the rights of the mortgagor's creditors in respect thereto. (*Clapp* v. *McCabe*, 84 Hun, 379; 155 N. Y. 525; *Frayser* v. *R. & S. R. R. Co.*, 81 Va. 388; *Noyes* v. *Rich*, 52 Me. 115; *Am. Bridge Co.* v. *Heidelbach*, 94 U. S. 798, 800; *Stuart* v. *Paige*, 74 N. Y. 184.) While the court had no jurisdiction herein by its order or decree to change the ownership of the funds in question or deprive the creditors of the defendant company of their lien thereon, it did have power to require the receiver to pay said moneys to the representative of the company and of its creditors, viz., the permanent receiver. (*Warren* v. *Burch*, 80 Ga. 124; High on Receivers [3d ed.], § 162; *Devendorf* v. *Dickinson*, 21 How. Pr. 275; *Parker* v. *Browning*, 8 Paige, 388; *Kamp* v. *Kamp*, 59 N. Y. 212; *Chase* v. *Chase*, 95 N. Y. 373.) The defendant company's books were not referred to in the second mortgage, and, therefore, so far as appears, remained the property of the defendant company till the appointment and qualification of the permanent receiver, when the title thereto vested in him and along with it the right to possession. (*Decker* v. *Gardner*, 124 N. Y. 334.) The order of February 18, 1897, being the order confirming the report of the referee to take and pass upon Receiver Nelson's account and directing the distribution of the balance in his hands does not protect him against the claim made herein by respondent for the moneys in question or any part thereof. (*Matter of C. J. Co.*, 128 N. Y. 550; *N. Y. S. & T. Co.* v. *S. G. & E. L. Co.*, 159 N. Y. 137;

*Clapp* v. *McCabe*, 155 N. Y. 525.) The plaintiffs' proceedings herein did not have the effect of extending their rights to any of the defendant company's property not covered by the second mortgage. (*Frayser* v. *R. & S. R. R. Co.*, 81 Va. 388; *Am. B. Co.* v. *Heidelbach*, 94 U. S. 798; *Noyes* v. *Rich*, 52 Me. 115.) In so far as his liability to respondent for the moneys in question is concerned Nelson is not prejudiced by the order appealed from. (*Cole* v. *Millerton I. Co.*, 133 N. Y. 164; *Bennett* v. *Austin*, 81 N. Y. 309; Perry on Trusts [4th ed.], §§ 926, 927; *Stokes* v. *Hoffman House*, 46 App. Div. 120; 167 N. Y. 554.)

O'BRIEN, J. The questions involved in this appeal arose upon a series of facts with respect to which there is no dispute, and when these facts are clearly understood there is little difficulty in stating the legal principles which control the controversy. It is important to state the events which culminated in the order appealed from in the order of time.

On the first of April, 1885, the New York & Sea Beach Railway Company, a railroad corporation, executed and delivered to the plaintiffs as trustees a mortgage to secure a series of bonds then about to be issued and negotiated. This mortgage covered all the corporate property existing at the time of its execution, and also such property as the company should thereafter acquire, including the rents, income and profits of the company from the operation of its railroad or otherwise. In the year 1896, an action was pending in behalf of the plaintiffs for the foreclosure of this mortgage, default having been made by the corporation in the payment of interest upon the bonds, and on the sixteenth of January, 1896, one Nelson, who was then the treasurer of the company, was appointed receiver in the foreclosure action. The form of the order appointing this receiver was very broad and general. It recited that he was appointed receiver of all the property of the railroad of whatever kind, including money, book accounts, contracts of every kind due to the corporation, things in action, rents, profits and income accruing

and to accrue to the company. In pursuance of this order he took possession of all the real and personal property of the company, including money in bank and cash on hand, amounting to something over $3,700. This money was derived from the income or earnings of the railroad prior to the time of his appointment.

On the fourteenth of April, 1896, judgment of foreclosure and sale was entered in the action, which authorized the plaintiffs as trustees to bid in the property for the benefit of the bondholders, continued Nelson as receiver until the purchasers should take possession under the deed and ordered him thereafter to account. This judgment was followed by a reorganization of the company and the transfer of the property to the new company. On the eighteenth of February, 1897, the court made an order, based upon the report of a referee, stating and passing the accounts of Nelson as receiver, in which the money on hand by the company at the time of his appointment was included with other income which accrued during the operation of the railroad by the receiver. After deducting the expenses of the receivership, this order directed Nelson as receiver to pay the balance in his hands to the plaintiffs for the benefit of the bondholders, and it is admitted that he complied with the order and paid over the money in pursuance of its directions.

Subsequently a general judgment creditor brought an action against the railroad for the purpose of sequestrating all its assets and appropriating the same to the payment of the judgment, and in this action the defendant Joseph was appointed receiver of the defendant's property. In May, 1899, this court decided that the earnings of a corporation, prior to the time that a receiver in such a foreclosure action took actual possession of the mortgaged property, in equity belong to the general creditors in preference to the bondholders. (*N. Y. Security & Trust Co.* v. *Saratoga G. & E. L. Co.,* 159 N. Y. 137.)

In August, 1899, Joseph, the receiver in the sequestration action, made a motion to the court at Special Term in which

he asked the court to, (1) Declare the order appointing Nelson as receiver of the moneys of the company in the foreclosure action void *ab initio;* (2) that the judgment in the foreclosure action be amended by an entry at the foot of the decree that the mortgage foreclosed was not and never had been a lien upon the rents and profits that had accrued prior to the entrance and possession of the foreclosure receiver; (3) that Nelson, the foreclosure receiver, be ordered to pay to Joseph, the sequestration receiver, the amount of the money on hand by the company at the time of the appointment of the former as foreclosure receiver; (4) that Nelson be ordered to deliver the books of account and all other books of the company and all his vouchers to Joseph. The court at Special Term, after a hearing, denied the motion, and on appeal to the Appellate Division this order was substantially reversed, and the relief demanded in the motion granted. From this order the plaintiffs, as trustees, and Nelson, as receiver, have appealed to this court.

All the proceedings referred to were entitled in the foreclosure action, and the court below in allowing an appeal to this court has certified the following questions: (1) Upon the facts as disclosed in the record may the Supreme Court in this proceeding lawfully require the receiver appointed in this action to deliver the books of the corporation and to pay over the money in question, or either, to the permanent receiver appointed in the creditors' action for sequestration? (2) Does the order of February 18th, 1897, operate to protect the receiver appointed in this action against the claim made herein by the said permanent receiver for the money in question or any part thereof?

It must be assumed that the money on hand at the time of the appointment of the receiver in the foreclosure action belonged in equity to the general creditors. The question is whether that principle has any application now as against the receiver who received the money, accounted for it and paid it over under the order and direction of the court. The learned counsel for the sequestration receiver meets this diffi-

culty by the contention that the order appointing the first receiver, as well as the subsequent order passing his accounts and directing the payment of the funds in his hands to the plaintiffs, are both absolutely void as against the sequestration receiver. This court must sustain that contention in order to uphold the order from which this appeal is taken. We think that neither of these orders can be held to be void. They may have been, and probably were, erroneous, and should have been reversed or modified upon appeal, but in a collateral proceeding like this they cannot be attacked except for want of jurisdiction. There can be no doubt as to the power of the court to appoint a receiver in an action to foreclose a mortgage, to take possession of the mortgaged property and to impound the rents and profits accruing up to the time of the sale. The order which was made in this case in the foreclosure action appointing Nelson as receiver was effective for that purpose, although in its terms it was broader than the facts before the court would warrant. But the fact that the order was so drawn as to appoint a receiver of all the property of the corporation, instead of the mortgaged property, does not render it void *ab initio*. Inasmuch as the court had jurisdiction of the person and of the subject-matter of the controversy, it was at most an error of law in appointing a receiver of the earnings of the corporation then on hand. But there is, of course, a wide difference between a judgment or order that is merely erroneous and one that is absolutely void, and we think that this distinction was not preserved in the decision of the learned court below. The order, notwithstanding its broad and comprehensive terms, was still good as an order appointing a receiver of the mortgaged property and of the earnings thereafter accruing, although so far as it adjudged that the receiver was also entitled to the money on hand it was erroneous. But that error could have been corrected only by appeal or by motion, and not by a collateral attack.

This principle also applies to the subsequent order in which the accounts of the receiver were settled, and in which he

was directed to dispose of the fund as already mentioned. The court in this order necessarily determined that the money on hand at the time of the receiver's appointment was a part of the property which he was authorized to take possession of and hold subject to its order. Here again the court had jurisdiction of the parties and the subject-matter, and at most committed a legal error in the disposition of the fund. This error could be corrected only by a direct appeal. The receiver in the foreclosure action held the funds as an officer of the court and was bound to obey its directions in regard to the final distribution, and it would be manifestly unjust to hold that after accounting and paying over the money under an order of the court, the receiver was still subject to be ordered by the same court, after having obeyed the first order, to again account and respond to the sequestration receiver for the same fund. The order made upon the accounting is a protection to him against this double liability. The practice of moving before one judge at Special Term to declare void the order or judgment of another judge at Special Term is not sanctioned by any provision of the Code that I am aware of or by any controlling authority. It virtually amounts to an appeal from one Special Term to another Special Term for a review of the first order. Moreover, the relief that was sought to be obtained by the last receiver was to hold the first one liable for moneys that came to his hands under an order of the court and which he had paid over in compliance with its directions, and this too upon the ground that the first receiver never had any valid appointment as such or any authority to receive the money, the order under which he acted being void. If this contention be correct, then obviously the first receiver was a mere wrongdoer and if liable at all could be held only in an action and not in a summary proceeding like this. If he was an officer of the court he is protected by its orders until reversed. If he was not, then he can be subjected to liability only in the way and by the same mode of procedure that is applicable to a trespasser who wrongfully appropriates the money or property that belongs to another.

These views dispose of the questions involved in this appeal, and it follows that the order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in all courts, and the first question certified answered in the negative and the second in the affirmative.

PARKER, Ch. J., GRAY, BARTLETT, HAIGHT, CULLEN and WERNER, JJ., concur.

Ordered accordingly.