### In re ENGLISH et al.

(Circuit Court of Appeals, Second Circuit. January 2, 1904.)

#### No. 48.

1. BANKRUPTCY—FUNDS IN HANDS OF RECEIVER OF STATE COURT.

An action was begun in a state court by a member of a firm for a dissolution of the partnership and a settlement of its affairs; A. being made a party, she claiming to be a tenant in common of the property in the firm's possession. The court appointed a receiver, who converted the property into money. More than a year later, judgment was rendered therein adjudging that A. was a tenant in common in the property, and was entitled to a certain amount of the money into which it was converted,

and directing payment of the balance to various creditors of the firm. Within four months thereafter a petition in bankruptcy was filed against the partners, on which they were adjudged bankrupts. *Held*, that while the receiver could not be required to turn over to the trustee in bankruptcy the funds adjudged to A., though the trustee might attack in the state court the transfer from the partners to A. on which such adjudication was made, the remainder of the funds, belonging in severalty to the bankrupts, should be turned over to the trustee; A. having no lien thereon, and their creditors having none except as given them by the judgment of the state court, and this being cut off by the proceedings in bankruptcy.

Petition for Revision of Proceedings of the District Court of the United States for the Western District of New York, in Bankruptcy.

For opinion below, see 122 Fed. 113.

This is a petition to review two orders made by the district judge, Western District of New York, on February 26, 1903; the execution of said orders being suspended pending hearing and decision in this court. One order discontinued and vacated an injunction theretofore granted which restrained further proceedings under a judgment of the state court. The other order denied a motion of said trustee to require the state court receiver to turn over certain alleged assets of the bankrupts in his hands to the trustee. The facts are sufficiently stated in the opinion.

E. R. Williams, Jr., for petitioner.

James P. O'Connor, for respondents.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. On April 1, 1899, Newton L. English and Leonard De Young formed a copartnership under the firm name of English & De Young, which firm thereafter carried on business in the city of Rochester. On February 27, 1900, the firm was indebted to Anna E. English, the wife of Newton L. English, in the sum of $2,156, and upon that day paid the said debt in full by transferring to her an undivided half interest in the entire assets of the firm. At the time of the transfer the liabilities of said partnership, exclusive of the debt to Anna E. English, amounted to more than $10,000. The fair value of the assets, property, and effects of the firm of English & De Young after the transfer was not more than $5,000, and such transfer left the firm insolvent. The assets and property, of which an undivided one-half was thus transferred, remained in the actual possession of the firm after the transfer, and Anna E. English did not at any time have actual possession of any part thereof; nor did she ever put on record the writing or instrument by which the said transfer was made. About three months after transfer, on April 14, 1900, an action was begun by De Young in the Supreme Court of the state for a dissolution of the partnership, and a settlement of the partnership affairs, to which action Anna E. English was a party; claiming to be a tenant in common with the plaintiff of the assets and property. On May 24, 1900, that court appointed Thomas D. Wilkin receiver of the assets, property, and effects. He, pursuant to order, converted the same into money; the total sum realized being $8,643.49 which was the fair value thereof. The action proceeded to trial, and judgment was entered therein on August 5, 1901. It adjudged that Anna E. English from and after February 27, 1900, became a tenant in common with De Young in the property and assets that were formerly of the

firm of English & De Young, and that her share of the money into which the receiver had converted the same was $4,091.26. It also directed the payment of various sums to various creditors, 60 in number—some to be paid in full, others to be paid in part—but made no provision for 28 other creditors. At the time of the entry of this judgment neither the said partnership, nor either of its members, had any property or assets other than the funds in the hands of the receiver, and the firm and both of the individuals composing it were insolvent. On August 12, 1901, seven days after the entry of this judgment, 3 of the 28 creditors who were not provided for therein filed petition for involuntary bankruptcy against English & De Young, and the District Court enjoined the state court receiver and Anna English from taking any further proceeding in the action until after the adjudication in bankruptcy. The bankruptcy case went to a referee and special master, who found the facts as above set forth. His conclusions upon the facts were that by the transfer of February 27, 1900, Anna E. English acquired an interest in the property as a tenant in common with the firm, but did not thereby become a member; that the judgment of August 5, 1901, was to be regarded as a judgment which the partnership has suffered or procured to be entered against itself; that by such judgment each of the 60 creditors obtained a preference, within the intent and meaning of the bankrupt act; and that each of such preferences thus obtained constituted an act of bankruptcy. The referee and special master further concluded that the transfer to Anna E. English on February 27, 1900, gave her a preference, and was an act of bankruptcy, within the meaning of the bankrupt act, and that the judgment, so far as it concerns her, and the transfer to her of February 27th, are to be considered as constituting one preference. Motion being duly made upon this report, it was confirmed, and injunction continued until further order. On June 20, 1902, Newton and English, individually and as co-partners, were adjudicated bankrupts; and on July 5, 1902, Ernest C. Whitbeck was appointed trustee. Subsequently the district judge made orders, dated February 26, 1903, vacating the injunction, thus allowing the state receiver to pay out the funds in his hands in accordance with the judgment, and further allowing Anna E. English to proceed in the state court action, with leave to substitute Whitbeck, the trustee in bankruptcy, in place of Newton and De Young, in said action. The operation of these orders has been suspended pending review. By another order of the same date the district judge denied a motion to require the state receiver to turn over the funds to the trustee. These orders are presented here by petition to review filed by the trustee in bankruptcy; and the state court receiver, Charles M. Williams, who has succeeded Wilkin, appears and "submits the matter of such appeal [sic; evidently "review" is meant] herein to the court, and asks the protection of the court, and of his rights as such receiver, appointed by the Supreme Court of the state of New York."

The adjudication of bankruptcy was never appealed from, and may be taken as a finality. But if it were here for review, it would have to be sustained. The statute (Bankr. Act July 1, 1898, c. 541, § 3a, (3), 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]) declares that it is

an act of bankruptcy when a person has "suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings." Each of the 60 creditors has obtained such preference over the 28 creditors. Such preference was obtained through legal proceedings, for before the judgment no such preference existed. The legal proceedings were instituted by the insolvent bankrupts, and for the result they are responsible. The preference thus obtained by the 60 creditors was obtained on August 5, 1901, and petition for involuntary bankruptcy was filed within a week thereafter. The adjudication of bankruptcy is indisputably correct.

The argument upon the main question in the case, viz., the propriety of the orders appealed from, has been confined practically to the discussion of liens; it being apparently assumed that Anna E. English had some inchoate and secret lien, which, it is thought, the judgment has made effective. In our opinion, this is not the correct view of the case. The judgments of both courts have found, upon the facts, that Anna E. English, from and after the date of the transfer, was a tenant in common of the property. It is an inaccurate use of words to say that tenants in common have each a lien on their common property. The situation, as we view it, is this: Two parties claimed certain personal property as tenants in common, and sought the aid of the state court to determine their rights, and to distribute the property or its proceeds. The state court, by its receiver, took possession of the corpus of the property, and converted it into money, which the receiver held to be distributed between the respective claimants when their rights should be determined. All this took place more than a year before petition in bankruptcy was filed. Indisputably, the state court had full jurisdiction of the parties, of the controversy, of the subject-matter, and had reduced the property to its possession. We know of no provision of the bankrupt act, and our attention is called to no authority, which will sustain the proposition that, when a year afterwards one of the parties to the action is adjudicated a bankrupt, the state court is shorn of its jurisdiction to determine the controversy, and must turn over the property to the bankruptcy court. As to the $4,091.26 which was held by the state court to be Anna English's share of the property, the District Court rightly refused to require the state court receiver to turn it over. If the transfer to Anna English was in fact one which creditors could successfully attack, the trustee, as their representative, being substituted for the bankrupts, may institute such attack in the state court.

As to the residue of the funds, however, in the hands of the state court receiver, the situation is different. The state court judgment has settled the rights of the contending tenants in common, and distributed the property between them. The funds remaining after Anna English has had her share are now no longer undivided property of tenants in common, but have been held to belong in severalty to the bankrupts. So much of the judgment of the state court as directs the distribution of these funds of the bankrupts to their creditors is void, being within the four months. Therefore the receiver now holds them only as a custodian temporarily until he can turn them over to the bankrupts. But the trustee in bankruptcy now stands in the shoes of the bank-

rupts, and it is to him that they should be turned over. And they should be turned over in their entirety, because there is no lien upon them in favor of any creditor which the bankrupt act respects. There is no pretense that any of the 60 creditors had any lien for his claim prior to the judgment of August 5, 1901, and whatever lien that judgment gave him was cut off a week later by the filing of petition and the subsequent adjudication of bankruptcy.

There has been argument as to what, if any, allowance should be made to the receiver, but no such question arises on this record.

The orders appealed from are reversed, and the cause remanded to the District Court to be disposed of in accordance with the views herein expressed.