PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al. (and three other cases).

In re THIRD AVE. RY. CO.

(Circuit Court of Appeals, Second Circuit. February 9, 1916.)

No. 206.

1. STREET RAILROADS &#8660;58—LEASES—RENT—RIGHTS OF LESSOR'S STOCKHOLDERS.

Rents due under a lease of a street railway company's lines belonged to it, and passed to its receivers, and not to its stockholders, where the lease contained no guaranty by the lessee of payment to the stockholders, though it gave the lessee a right to make such a guaranty in the future.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 135; Dec. Dig. &#8660;58.]

2. STREET RAILROADS &#8660;58—RECEIVERSHIPS—ASSIGNMENT OF CLAIMS.

Though a street railway mortgage, under which a receiver was appointed, expressly covered rents of property then owned or thereafter ac-

quired, a claim for rent, which fell due before the receiver took possession, did not go to him as against general creditors of the company, and was not transferred by his assignment of claims against the lessee which covered only claims within the mortgage.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 135; Dec. Dig. ☞58.]

3. RECEIVERS ☞67—ASSIGNMENT OF CLAIMS.

Rent falling due one day after such receiver took possession did go to him, subject to the deduction of anything paid for the use and occupation of the premises, and passed under such assignment.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 117–122; Dec. Dig. ☞67.]

4. RECEIVERS ☞163—ASSIGNMENT OF CLAIMS.

Where the same persons were appointed general receivers of a corporation and receivers of its property, covered by certain mortgages, and a party having a claim against the company assigned it to the receivers, as receivers of the mortgaged property, they, as receivers of the mortgaged property, were entitled to the allowance of the claim in full, without deduction of the amount paid by them to the claimant for the assignment.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 312–316; Dec. Dig. ☞163.]

Appeals from the District Court of the United States for the Southern District of New York.

Receivership suits by the Pennsylvania Steel Company and others against the New York City Railway Company and others, with three other cases. From a decree (225 Fed. 96) in the matter of the claim of the Third Avenue Railroad Company against the Metropolitan Street Railway Company (No. 44), arising out of the failure of the Metropolitan Company to comply with provisions of a lease to it of the roads of the Third Avenue Company, which claim was, under the agreement of December 29, 1911, assigned to Douglas Robinson and another, as receivers of the mortgaged property of the Metropolitan Company (they being also general receivers of that company), Robinson, as receiver of the mortgaged property, and others appeal. Modified and affirmed.

Bronson Winthrop and W. M. Chadbourne, both of New York City, for Robinson, as receiver.

M. C. Fleming, of New York City, for Ladd, as receiver.

B. S. Catchings, of New York City, for tort creditors committee.

Before COXE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. It will only be necessary to state the particulars in which we think the decree of the court below should be modified.

[1] The claim for rent due by the Metropolitan Company, October 13, 1907, belonged to the Third Avenue Company and not to its stockholders. The lease of the Metropolitan Company to the New York City Company which we had under consideration in 198 Fed. 761, 117 C. C. A. 503, contained an express guaranty by the City Company to the stockholders of the Metropolitan Company for which reason we held that the stockholders had a right of action. The lease under consideration, however, contains no such guaranty to the stockholders

of the Third Avenue Company and though it does give the Metropolitan Company a right to make such a guaranty in the future the company has never done so.

[2] The Third Avenue Company's consolidated mortgage under which Frederick W. Whitridge was appointed receiver expressly covers rents growing out of property now owned or hereafter acquired by the company, but the claim for rent which fell due October 13, 1907, before he took possession as receiver does not go to him as against the general creditors of the company. Gilman v. Ill. & Miss. Tel. Co., 91 U. S. 603, 23 L. Ed. 405; American Bridge Co. v. Heidelbach, 94 U. S. 798, 24 L. Ed. 144; N. Y. Security & Trust Co. v. Saratoga Gas Co., 159 N. Y. 137, 53 N. E. 758, 45 L. R. A. 132. It was covered by the claim filed by the Third Avenue Company by leave of the court February 1, 1908, and goes to the general creditors of that company. It was not transferred by the Third Avenue Company's assignment of February 1, 1912, which covered only claims within the Third Avenue Company's consolidated mortgage.

[3] On the other hand the claim for rent due the Third Avenue Company January 13, 1908, falling due one day after Mr. Whitridge took possession as receiver, did go to him, subject to the deduction of anything paid for the use and occupation of the premises, and by his assignment of February 1, 1912, went to Douglas Robinson as surviving receiver of the mortgaged property of the Metropolitan Company, and belongs to him.

[4] The claim for interest on the consolidated mortgage 4 per cent. bonds, January 1, 1907–January 12, 1908, must be allowed in full to Mr. Robinson as surviving receiver of the mortgaged property of the Metropolitan Company without the deduction of the $200,000 paid under the agreement of December 29, 1911, to Mr. Whitridge as mortgage receiver.

The decree may be modified in accordance with this opinion, and, as so modified, is affirmed.