ELLA GUTHRIE WILLARD, Appellant, *v.* EUGENE S. WILLARD, Respondent.

Second Department, December 17, 1920.

**Husband and wife — divorce — reference of defended action — power of court, another judge presiding, to vacate order and direct trial in open court — essentials of defended divorce action — when order granted by another judge should not be vacated.**

In an action for a divorce which was referred by consent of the parties to a referee appointed by the court, it was error for the court, another judge presiding, to deny the motion to confirm the referee's report and, of its own motion, vacate the order of reference and direct that the case be tried in open court on the ground that the defendant had no intention of defending the action notwithstanding the affidavit of his attorney.

A divorce action is not undefended when the defendant is represented by counsel who stands ready to make such defense as the condition of plaintiff's proof permits, and it is not essential to defending an action that witnesses be cross-examined at length, nor that the defendant take the stand.

It was error for the court to vacate the order of reference granted by another judge, for it is a settled rule that one judge should not vacate an order made by a court held by another judge, except in cases expressly provided for in the Code of Civil Procedure, and while the power may exist it is error to exercise it in any but exceptional cases where new elements, like fraud or collusion, are shown, and it is not feasible to send the matter to the judge who made the original order.

APPEAL by the plaintiff, Ella Guthrie Willard, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Suffolk on the 13th day of October, 1920, which denied the plaintiff's motion to confirm the report of a referee in favor of granting an absolute divorce to the plaintiff, vacated the order of reference and directed the case to be tried in open court.

*Francis M. Scott* [*Joseph R. Truesdale* with him on the brief], for the appellant.

*Phœnix Ingraham,* for the respondent.

BLACKMAR, J.:

The evidence in behalf of the plaintiff sustained the allegations of the complaint; but the learned court at Special Term, on its own motion, denied the motion to confirm the referee's report, vacated the order of reference and directed the case to be tried in open court. The action of the court was based on its opinion that notwithstanding the affidavit of counsel for the defendant there was no intention of defending the action, and that, therefore, the court which made the order of reference was misled into so exercising its discretion.

We do not think the record justifies the decision. A case is not undefended when the defendant is represented by counsel who stands ready to make such defense as the condition of plaintiff's proof permits. Neither is it essential to defending an action that witnesses be cross-examined at length, nor that the defendant take the stand. The case was one in

which the law permits an order of reference on consent, on condition only that the referee be selected by the court. (*Pratt* v. *Pratt,* 2 App. Div. 534.) The court at Special Term, another judge presiding, in his discretion ordered the reference, himself selecting the referee. This order was vacated on his own motion by the judge who presided when the motion to confirm the report of the referee was submitted, and this apparently without notice or a hearing. By a long-continued course of practice, recognized and enforced by the courts, it is settled as a rule of law that one judge should not vacate an order made by a court held by another judge except in cases expressly provided for in the Code of Civil Procedure. (*People* v. *National Trust Company,* 31 Hun, 20.) The power may exist but it is error to exercise it in any but exceptional cases where new elements, like fraud or collusion, are shown and it is not feasible to send the matter to the judge who made the original order. The rule has the more vigor when applied to a case like the present, where the order is vacated on the motion of the judge himself and without notice or opportunity for the parties to be heard.

The order should be reversed, with ten dollars costs and disbursements, the motion to confirm the report granted, with ten dollars costs, and the case remitted to Special Term with direction to enter an interlocutory judgment for the plaintiff.

JENKS, P. J., RICH and KELLY, JJ., concur; PUTNAM, J., not voting.

Order reversed, with ten dollars costs and disbursements, motion to confirm report granted, with ten dollars costs, and case remitted to the Special Term with direction to enter an interlocutory judgment for plaintiff.