## In re BARBIZON PLAZA, Inc.

District Court, S. D. New York.
Jan. 11, 1933.

Joseph Dannenberg and Nathan B. Fogelson, both of New York City, for Irving Trust Co.

Schreiber, Buchter & Rathheim, of New York City (Alfred Rathheim and Harold M. Hoffman, both of New York City, of counsel), for Cornelius J. Smyth.

PATTERSON, District Judge.

The trustee in bankruptcy of Barbizon Plaza, Inc., brought a summary proceeding in the bankruptcy court to compel Smyth, a receiver of rents appointed by the New York Supreme Court in a suit to foreclose a mortgage, to pay over the sum of $17,898.65. The state court receiver having contested the jurisdiction, the special master to whom the matter was referred has recommended that the proceeding be dismissed.

The Barbizon Plaza hotel property was owned by Park Sixth Avenue Corporation

and was leased to the bankrupt, Barbizon Plaza, Inc. The bankrupt operated the hotel and was to pay as rental the net profits realized. A suit to foreclose a mortgage on the property was commenced in the New York Supreme Court, and on May 25, 1931, Smyth was appointed receiver of the rents, issues, and profits. He decided to disregard the lease to the bankrupt, which was subject to the mortgage, and himself undertook the operation of the hotel. More than four months afterward an involuntary petition in bankruptcy was filed against Barbizon Plaza, Inc., and adjudication followed in due course.

Among the moneys collected by the receiver in the foreclosure suit is the sum of $17,898.65, representing accounts owed to Barbizon Plaza, Inc., by guests for room, food, and other charges prior to the receivership. The trustee in bankruptcy demanded this fund of the receiver as the proceeds of accounts receivable belonging to the bankrupt estate, but met with a refusal. The trustee then commenced this summary proceeding to compel payment of the fund. The receiver took the position that the bankruptcy court had no jurisdiction to entertain the proceeding, a view of the matter which was sustained by the special master.

The trustee in bankruptcy urges that a receiver in foreclosure has no right to accounts receivable of the mortgagor accrued out of the property prior to the receiver's possession, as against creditors of the mortgagor, and that the rule applies with even greater force to accounts earned by and owed to a tenant of the mortgaged premises prior to the coming in of the receiver. It must be conceded that there is power in this argument, and that the weight of authority both in New York and elsewhere seems to support it. New York Security & Trust Co. v. Saratoga Gas & Elec. Light Co., 159 N. Y. 137, 53 N. E. 758, 45 L. R. A. 132; Platt v. New York & Sea Beach R. Co., 170 N. Y. 451, 63

N. E. 532; Gilman v. Illinois & Mississippi Telegraph Co., 91 U. S. 603, 23 L. Ed. 405; Freedman's Saving & Trust Co. v. Shepherd, 127 U. S. 494, 8 S. Ct. 1250, 32 L. Ed. 163; Hook v. Bosworth (C. C. A.) 64 F. 443; Pennsylvania Steel Co. v. New York City Ry. Co. (C. C. A.) 231 F. 442; In re Clark Realty Co. (C. C. A.) 234 F. 576; Stewart v. Fairchild-Baldwin Co., 91 N. J. Eq. 86, 108 A. 301; Myers v. Brown, 92 N. J. Eq. 348, 112 A. 844, affirmed in 93 N. J. Eq. 196, 115 A. 926; Tardy's Smith on Receivers, § 247.

But this is a summary proceeding and the party proceeded against is a receiver appointed by the state court who has consistently protested against the proceeding. The receivership is a phase of the suit to foreclose the mortgage and admittedly is not dissolved or in any way impaired by the subsequent bankruptcy of the company that operated the hotel. However plausible the claim of the trustee in bankruptcy may be, this is a case where the state court first obtained possession of the property and the fund now sought is under control of the receiver appointed by that court. The claim of the receiver is an adverse one, real and not purely colorable. Under such conditions it is manifest that the jurisdiction of the state court over the property, including the moneys in dispute, is not abated by the subsequent bankruptcy of one of the parties interested in the moneys, and that this court will not exercise summary jurisdiction. Straton v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060; Carling v. Seymour Lumber Co. (C. C. A.) 113 F. 483; In re English (C. C. A.) 127 F. 940; Lynch v. Roberson (C. C. A.) 287 F. 433; In re McKinney (C. C. A.) 289 F. 242. The obvious remedy of the trustee is to file a petition in the foreclosure suit now pending in the state court, or, if it sees fit, it may bring a plenary suit. For these reasons the report of the special master will be confirmed and the proceeding dismissed.