Frank S. McCullough, J.
The respondent, Anthony Calise, seeks by order to show cause to stay an order of commitment directed to the Sheriff of Westchester County. The order of commitment, issued by Mr. Justice Loreto, was based on the refusal of the respondent to answer a series of questions directed to him before the Temporary New York State Commission of Investigation, although granted immunity.
The respondent’s counsel on the oral argument before this court has conceded that the legality of the creation of the com *922 mission, and its extension, as such, is not in issue in this proceeding. The Court of Appeals in Matter of Commission of Investigation of State of N. Y. v. Lombardozzi (7 A D 2d 48, affd. 5 N Y 2d 1026, cert. den. 360 U. S. 930, app. dsmd. 361 U. S. 7, cert. den. and app. dsmd. 361 U. S. 10) has sustained generally the creation, powers and duties of the original commission by chapter 989 of the Laws of 1958. The Appellate Division (Third Dept.) in Matter of Cronin v. Temporary N. Y. State Comm. of Investigation (19 A D 2d 69, affd. 13 N Y 2d 941) sustained the constitutionality of chapter 478 of the Laws of 1962 which extended the commission for two years.
Apparently the matters in issue here were not raised in the Cronin case (supra).
The Temporary State Commission of Investigation was created under chapter 989 of the Laws of 1958. Under subdivision 2 of section 1, provision was made for the appointment of two members of the commission by the Governor, one by the Temporary President of the Senate, and one by the Speaker of the Assembly, each for five years. In 1962 the statute was amended (L. 1962, ch. 478) to provide: “ Their successors shall be appointed in like manner for terms of two years.”
The original five-year term of office for the Commissioners expired on April 30, 1963. It was conceded that none of the original four Commissioners has been reappointed, nor has any successor been appointed, pursuant to the statute as amended.
It is the contention of the respondent that the failure to exercise the power of appointment has resulted in the creation of a temporary commission without membership. In short, that the term of the persons appointed under the provisions of the original act expired and its members became persons functus officio on April 30, 1963, the date of the expiration of the commission.
Counsel for the commission, on the other hand, contends that the members of the commission continue in office by virtue of .section 5 of the Public Officers Law and that thereby the four Commissioners whose terms expired on April 30, 1963 are authorized to hold over and continue to discharge the duties of their office until their successors shall have been chosen and qualified.
In reply to such contention the respondent argues vigorously that such provisions are not applicable to temporary commissioners unless a provision is contained in the legislation which provides for the continuation in office until a successor is appointed,
*923 The question now raised is serious and substantial and has not been adjudicated in relation to the Temporary Commission of Investigation. There is no question that the commission is a temporary one. (See Matter of Commission of Investigation of State of N. Y. v. Lombardozzi, supra.)
To hold that the failure to redesignate commission members is a jurisdictional defect means in effect that the Commissioners are functioning illegally and are without power to conduct proceedings, issue process or enforce .their mandates. If such be true then the order of Mr. Justice Loreto has no foundation on which an order of commitment may be based.
In the opinion of the court the respondent, Anthony Calise, cannot obtain the relief sought by an application in the Supreme Court of Westchester County. Buie 2221 of the Civil Practice Law and Buies provides that a motion for leave to vacate or modify an order shall be made, on notice, to the Judge who signed the order, unless he is for any reason unable to hear it, with certain specified exceptions, none of which is applicable to the instant case. It is further provided that a motion made to other than a proper Judge shall be transferred to the proper Judge.
The court notes that the Third Preliminary Beport of the Advisory Committee on Practice and Procedure (N. Y. Legis. Doc., 1959, No. 17), states (p. 184): “ For the sake of completeness, the proposed rule states the general case law doctrine that all motions to vacate or modify must be heard by the judge who made the order or presided at the term where it was made. See, e.g. Platt v. New York & Sea Beach Ry., 170 N. Y. 451, 63 N. E. 532 (1902); 1 Carmody-Wait, Cyclopedia of New York Practice 719 (1952). ‘ By a long-continued course of practice, recognized and enforced by the courts, it is settled as a rule of law that one judge should not vacate an order made by a court held by another judge except in cases expressly provided for. . . .’ Willard v. Willard, 194 App. Div. 123, 125, 195 N. Y. Supp. 569, 571 (2d Dep’t 1920). This doctrine is sometimes overlooked in exceptional cases, such as 1 [w]here new elements, like fraud or collusion, are shown and it is not possible to send the matter to the judge who made the original order.’ Ibid. The proposed rule is not intended to inhibit the courts in such exceptional cases.”
The application before the court is not a writ of habeas corpus, an action for declaratory judgment, or an appeal. It is simply a motion to vacate or modify the order of a Justice of the Supreme Court, New York County.
*924 The court is of the opinion that a proper interpretation of rule 2221 of the Civil Practice Law and Buies prohibits a determination on the merits by this court.
Accordingly, this matter is respectfully referred to Mr. Justice Loreto for determination. The stay contained in the order to show cause, which stay was continued by the court on the argument of this motion, is hereby vacated.
The respondent is directed to surrender to the Sheriff of Westchester County for commitment at 2:00 p.m., Wednesday, October 16, 1963 and in the event of his failing so to do the Sheriff is directed to apprehend and commit him forthwith pursuant to the order of Mr. Justice Loreto, unless further stayed.