OPINION OF THE COURT
Martin B. Stecher, J.
The threshold issues in this case involve the powers of a Judge of the Unified Court System assigned to temporary service in the Supreme Court (NY Const, art VI, § 26, subd g) after expiration of the temporary assignment.
Does a Judge of the Civil Court have jurisdiction, after the end of his temporary assignment, to entertain renewal or reargument of a motion he heard during his temporary term? Is this power affected by an order of affirmance of his prior order? Does he retain the power to sign an order to show cause with a temporary restraining order?
The Honorable Lester Evens, a Judge of the Civil Court, sitting in New York County, was by order of New *282 York City Administrative Judge Milonas temporarily designated to sit as Justice of the Supreme Court (NY Const, art VI, §26, subd g) “effective November 3, 1980 *** until November 28, 1980.” During that assignment and while in Special Term, Part I, in New York County, Acting Justice Evens denied a motion to consolidate a pending Supreme Court action with a Kings County Civil Court summary proceeding and denied removal of the Civil Court proceeding to the Supreme Court. On appeal, Acting Justice Evens’ order was affirmed without opinion. Thereafter, on May 7, 1981, at a time well beyond his temporary appointment, Acting Justice Evens signed an order to show cause in which the plaintiff sought both renewal and reargument. In the order was contained a temporary restraint staying the summary proceeding. The matter was heard on May 14, 1981.
The defendants attack the authority to issue the order to show cause and resist the application to transfer the motion to the Acting Justice on the grounds that since November 28, 1980 he has been “functus officio.”
The constitutional authority of temporarily assigned members of the judiciary to continue to deal with matters which were pending before them during their assigned terms is to be found in article VI (§ 26, subd k) of the New York State Constitution.
It provides: “While temporarily assigned pursuant to the provisions of this section, any judge or justice shall have the powers, duties and jurisdiction of a judge or justice of the court to which assigned. After the expiration of any temporary assignment, as provided in this section, the judge or justice assigned shall have all the powers, duties and jurisdiction of a judge or justice of the court to which he was assigned with respect to matters pending before him during the term of such temporary assignment.”
The question presented is, of course: What is meant by the language “with respect to matters pending before him during the term of such temporary assignment”? Does pendency refer to matters which were undecided at the end of the term (cf. CPLR 9002) or does it refer to a continuing jurisdiction over lawsuits or motions in lawsuits over which he had jurisdiction?
*283 In seeking to ascertain the intention of the framers of the Constitution (cf. Golden v Koch, 49 NY2d 690, 694) we must assume that they had in mind the long-standing reluctance of Judges of courts of co-ordinate jurisdiction to review the orders of their colleagues and the legal inhibition against doing so. (See Platt v New York & Sea Beach Ry. Co., 170 NY 451; Willard v Willard, 194 App Div 123, 225. This reluctance and inhibition has been codified in CPLR 2221.) I am of the opinion that had the framers of the Constitution intended an exception to that rule when Judges are on temporary assignment the language of article VI (§ 26, subd k) would have so provided.
The constitutional language is quite clear: This “matter”, that is, the transfer of the Civil Court proceeding and its consolidation with the Supreme Court action, was “pending” before Acting Justice Evens during his temporary assignment and he, therefore, continues to have jurisdiction over this motion, at least, to the extent of renewal and reargument. I see no need to determine what further jurisdiction he may have with respect to the pending litigation.
Affirmation of Justice Evens’ decision by the Appellate Division has no affect on his jurisdiction. It merely indicates that he was not in error in his earlier decision. To the extent that there is jurisdiction in anyone to hear a reargument or renewal, he has that jurisdiction to the exclusion of other members of the Supreme Court (CPLR 2221). As a collateral to this holding, he also had and has jurisdiction to issue an order to show cause or a temporary restraining order.
Accordingly, this motion is respectfully referred to Acting Supreme Court Justice Lester Evens. Any contrary ruling made by me during argument is revoked. The temporary restraining order is continued pending the further order of Acting Justice Evens.