OPINION OF THE COURT
Jonas H. Bernstein, J.
This is a motion by the People for leave to reargue a prior motion of defendant which resulted in orders, pursuant to CPL 710.20, suppressing evidence of the defendant’s statements and results of a blood test. The prior motion was granted by a Judge of this court who no longer sits on this Bench, but who now sits on the Bench of the Court of Claims.
Since this motion affects a prior order, CPLR 2221 requires that it be made to the Judge who rendered the initial decision, *397 unless said Judge is for any reason unable to hear it. Thus, this court is asked to determine whether or not the initial Judge, who sits on the Bench of the Court of Claims, is unable to hear this motion, and if the answer is yes, whether it would be a proper exercise of this court’s authority to entertain reargument of a suppression motion previously determined by a Judge of coordinate jurisdiction.
PROCEDURAL BACKGROUND
The defendant is charged with violation of Vehicle and Traffic Law § 1192 (3), operating a motor vehicle while intoxicated, and § 1180 (a), speeding. By prior motion, defendant moved pursuant to CPL 710.20 to suppress evidence of statements made by her and the results of a blood test administered to her. After a suppression hearing held on December 3, 1986, the Honorable Harold Fertig ruled from the Bench that evidence of her statements and results of a blood test were to be suppressed. The People moved by notice of motion returnable December 19, 1986 for reargument of defendant’s suppression motion. The motion was adjourned several times until March 27, 1987 to permit defendant time to submit opposition papers and both sides time to submit memoranda of law. In the interim, on January 1, 1987, the Judge who issued the original suppression orders was appointed to the Bench of the Court of Claims by the Governor of this State.
The Judge who was sitting in this Part on the return date of this motion is home recovering from a serious illness. As Judge sitting in this Part, this motion to reargue is now before me.
DISCUSSION
The People premise their motion to reargue on the basis that "certain legal issues were not considered at the hearing on December 3, 1986”. Essentially, the People request this court to reconsider the facts already presented at the earlier hearing and apply the controlling law. The established doctrine that one Judge shall not review, vacate, modify or disturb an order of another Judge of coordinate jurisdiction (Platt v New York & Sea Beach Ry. Co., 170 NY 451; Willard v Willard, 194 App Div 123, 124 [2d dept 1920]; People v Basilicato, 114 Misc 2d 619) has been codified in CPLR 2221. (Prudential Lines v Firemen’s Ins. Co., 109 Misc 2d 281.)
CPLR 2221 (a) provides in relevant part: "A motion for *398 leave to renew or reargue a prior motion, for leave to appeal from, or to stay, vacate or modify, an order shall be made, on notice, to the judge who signed the order, unless he is for any reason unable to hear it”. It is improper practice to move before one Judge of the court to collaterally vacate the order of another Judge of the same court. (Platt v New York & Sea Beach Ry. Co., supra, at 458; Willard v Willard, supra.) Thus, whenever the Judge who issued an order is able to hear it the motion must be referred to him or her. (See, People v Jennings, 69 NY2d 103; People v Petgen, 55 NY2d 529, 535 [Meyer, J., dissenting].) A Judge may be unavailable to hear a motion because of illness, retirement or disqualification. (See, Hess v Wessendorf 102 AD2d 926 [3d Dept 1984] [court affirmed order relieving plaintiff from conditional order of preclusion by subsequent Judge where three years had passed since original order and initial Judge had since retired].)
In the case at bar, the Judge who issued the prior order is sitting on the Bench of another court. The court agrees with the defendant that the salient question is whether or not the original Judge’s appointment to the Court of Claims makes him unable to hear this motion. The defense cites Prudential Lines v Firemen’s Ins. Co. (supra) and NY Constitution, article VI, § 26 (k) as support for referral to the original Judge. This court, however, feels that the original Judge by reason of his appointment to the Court of Claims is unable to hear this motion.
NY Constitution, article VI, § 26 (k) specifically authorizes a Judge, who has been temporarily assigned pursuant to said section to another court, after the expiration of the temporary assignment to continue to exercise the powers and jurisdiction of the temporary assignment with respect to matters which were pending before him during the term of such temporary assignment. (NY Const, art VI, § 26 [k].) In Prudential Lines (supra), the court, noting the long-standing reluctance of Judges to review orders of their colleagues of coordinate jurisdiction and the legal inhibition against so doing (referring to CPLR 2221; see also, CPLR 2217), assumed that the framers of the Constitution intended that the continuing jurisdiction of a temporarily assigned Judge include the authority to hear renewal and reargument of a motion he heard during his temporary term (Prudential Lines v Firemen’s Ins. Co., supra, 109 Misc 2d, at 283).
In the instant case, Judge Fertig was not on temporary assignment when he heard and ruled upon the initial suppres *399 sion motion. Since that time he has been appointed to the Bench of the Court of Claims. The Constitution does not authorize the temporary assignment of a Court of Claims Judge to the District Court. It only authorizes a temporary assignment to the Supreme Court. (NY Const, art VI, § 26 [b].) The Constitution does not give a Court of Claims Judge jurisdiction over matters pending in this court. Thus, since it cannot be said that Judge Fertig either possesses or retains jurisdiction over matters in this court, he is unable to hear this motion.
Now I must determine whether or not it is proper for me to hear reargument of this motion. Certainly, nothing in CPLR 2221 or 2217 nor the rules of this court (22 NYCRR 212.34)* prohibits me from entertaining the People’s motion. Nonetheless, I must decline to do so since entertainment of this motion upon the grounds set forth by the People is tantamount to collateral appellate review by me of a decision and order of a colleague of this Bench.
Although the power may exist to hear reargument and perhaps thereby disturb, vacate or modify the prior order, it would be error for me to do so in any but the exceptional case, such as fraud, collusion, or the like (Willard v Willard, supra, 194 App Div, at 125; see also, 28 NY Jur 2d, Courts and Judges, § 86, at 153-155, and cases cited therein), or where denial of the motion would cause injustice or prejudice to the movant. Indeed, it has been held to be error to have granted reargument where the initial Judge was retired and unavailable in a proceeding where an appeal was available and a considerable period of time had elapsed between the original order and the expiration of the retiring Judge’s term (Matter of Wright v County of Monroe, 45 AD2d 932 [4th Dept 1974]).
The granting of reargument of a motion is discretionary with the court. A motion to reargue, unlike a motion to renew, is not based upon new proof. The motion’s purpose is to convince the Judge that he should change his earlier decision, that he may have made a mistake .or erred. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2221:7, at 157-158.) A denial of a motion to *400 reargue is not appealable. (Matter of Kempf v Town of Esopus, 92 AD2d 1076.)
Indeed, since the nature of a motion to reargue is akin to an appeal, the time limitations of taking an appeal are strictly applied to motions to reargue. (Matter of Huie [Furman], 20 NY2d 568.) In the instant case, the People have the right to appellate review of suppression orders entered before trial (CPL 450.20 [8]; 450.50). Inasmuch as granting reargument is wholly within the discretion of this jurist, I find that it would be an abuse of this court’s discretion to hear reargument of defendant’s suppression motion.
Accordingly, the People’s motion for leave to reargue is denied in all respects.

 Section 212.34 of the Uniform Rules for the New York State Trial Courts (22 NYCRR) sets forth the procedures to be followed in the absence or disqualification of an assigned Judge. Recently added subdivision (b) of CPLR 2221 permits the Chief Administrator of the Courts by rule to exclude this motion from operation of subdivision (a) of this section.