Fuld, J.
In the early morning hours of November 8, 1964, Bob’s Super Market, located in the Town of Evans, Erie County, *253 was forcibly entered and a 300-pound safe stolen and carried off in an automobile. Investigation led the police to believe that the safe and the men who had taken it were located in a residence on Herr Bo ad. Arriving at the dwelling, the officers heard movements inside and sought to gain admission, without success, by rapping on the door. They continued to keep the house under surveillance and, some time later, observed that the interior of the building was on fire. As dense and heavy smoke poured out of the house, two men, the defendants herein, emerged from a rear door. They were immediately charged with the crime of arson and placed under arrest. Police officers, one armed with a fire extinguisher, entered the building despite objections from the defendants. A quick survey of the premises disclosed a safe, with its contents and drawers strewn about, in a bedroom, and the door of the safe in the bathroom. One of the officers shortly thereafter repaired to the office of the town’s Justice of the Peace and obtained a search warrant for the house on Herr Boad. He then returned there and seized, among other property, the safe, its detached door, a Ford automobile and a hammer.[1]
The defendants moved before the justice of the peace “ for an Order directing the suppression of the * # # Search Warrant and all evidence produced thereby”. A preliminary examination was conducted on the same day that the motion was argued, and the justice held the defendants for action by the grand jury—noting that, in so doing, he relied on evidence apart from that produced by the search warrant—and reserved decision on the motion to suppress. A couple of weeks later, on December 3, that motion was granted by an order, reciting that the “ search warrant and all evidence obtained and produced thereby * * * [be] suppressed”.
On appeal by the People, the County Court reversed and remanded the proceeding to the justice of the peace with directions that he decide whether the motion was one to “ controvert ” the grounds for the warrant under section 807 of the Code of Criminal Procedure — in which event he was to grant the relief *254 specified in section 809[2] — or one to “suppress” the evidence under sections 813-c through 813-e — in which ease he was to deny the motion on the ground that he lacked jurisdiction to entertain it. Although we agree, in the main, with both the County Court’s approach and its reasoning, we would not so limit the order to be entered.
The district attorney concedes the invalidity of the warrant but claims, in effect, that the search and seizure which produced the evidence in question may be upheld as incident to a lawful arrest. In view of the concession that the search warrant was invalid, the People may not, of course, rely upon it to justify the introduction or use of any evidence at the trial and, accordingly, the justice of the peace was authorized to grant, and the defendants entitled to obtain, an order vacating the warrant. (See, e.g., People v. Politano, 17 A D 2d 503, 508, affd. 13 N Y 2d 852.)[3]
However, the power accorded the justice of the peace to vacate the warrant did not authorize him to order a suppression of the evidence. The provisions of the Code of Criminal Procedure (§§ 813-c through 813-e) mark the procedure to be followed. Section 813-e provides that such a motion may only be made in, and decided by, the court where the defendant is to be tried: if an indictment has been returned against a defendant or he has been held by a magistrate to answer a charge in another court, the motion ‘ ‘ shall be made in the court having trial jurisdiction of such indictment * * * or charge ” and, if prior to indictment or before the defendant has been held by a magistrate, the motion “shall be made”, if in a county outside of New York City, “ in the supreme court or the county court ”. In the present cáse-, it is manifest that the application could not have been properly decided by the justice of the peace. Moreover, we need not concern ourselves with whether the Supreme *255 Court or the County Court would have been the appropriate tribunal to pass on the motion. It is sufficient to note that, since the defendants now stand indicted for the crimes of burglary and grand larceny, they may move to suppress only in the court where the indictment will be tried. If and when the defendants make such a motion, the People will have an opportunity to show (if they can) that the search and seizure which produced the evidence in question were incident to a lawful arrest. (See, e.g., People v. Malinsky, 15 N Y 2d 86, 88-89, 91.)
The order appealed from should be reversed and the proceeding remitted with directions to enter an order vacating the search warrant and denying so much of the defendants’ motion as seeks an order suppressing evidence.
Chief Judge Desmond and Judges Dye, Van Voorhis, Burke, Scileppi and Bergan concur.
Order reversed and matter remitted for further proceedings in accordance with the opinion herein.

. Later the same day, informations were filed against the defendants charging them with burglary in the third degree.

. Section 809 provides that, “If it appear * * * that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the judge, justice or magistrate must cause [the property] to he restored to the person from whom it was taken, unless otherwise subject to being retained in lawful custody.”

. The vacatur, though, would not entitle the defendant to a restoration of the property under section 809 or any other provision, since the items seized were allegedly stolen or assertedly used in the commission of crime. (See, e.g., Trupiano v. United States, 334 U. S. 699, 710.)