Memorandum. The order of the Appellate Division should be affirmed.
There was probable cause shown in the State Police Investigator’s affidavit to support issuance of the first eavesdropping warrant directed at defendant Raymond Seney and one Salerno. Investigator Whelan’s affidavit, detailing careful and extended police surveillance of the two men and others, contained circumstances linking them with a large-scale burglary ring preying on suburban estate owners. Those facts, together with the criminal history of the two men and their associates, and with their high style of living without visible means of support, supplied the background, but only the background, for the instances of probable cause supporting the issuance of the warrant.
The instances, which were few but definite indicators of complicity, were: In 1970, Seney and Salerno and a third person moved from Florida to Greenwich, Connecticut. They rented a house in Greenwich under a false name and covered all downstairs windows with paper and masking tape. During the five months that they occupied the house, 32 burglaries, all with the same modus operandi, were committed upon estate homes in the Greenwich, Connecticut, and neighboring Westchester County areas. In one instance Seney was apprehended approaching a safe which had been taken in the Jack Weiler *819 burglary and secreted in the woods by the burglars. He was arrested and held, but no indictment resulted. Seney was also observed by police cruising in his automobile in a neighborhood of estates, driving repeatedly over the same courses, suggesting that he was ‘ ‘ casing ’ ’ the homes. On that occasion, Salerno was also observed by the police crouching near a stone fence of one estate. Also probative, was the correlation between the De Witt Wallace burglary and simultaneous telephone toll calls over Seney’s telephone with alleged members of the ring.
The affidavit was inartistically drafted, principally because the few probative facts and circumstances may only be gleaned with difficulty from the mass of undifferentiated background material for which, in many instances, the sources are not stated. The defect, however, does not defeat a warrant otherwise based on probable cause.
The background material had relevance in establishing exhaustive police investigation of a highly sophisticated burglary ring operating in several States and the need to show that an eavesdropping warrant was required (former Code Crim. Pro., § 816, subd. 4; CPL 700.15, subd. 4). Since the first warrant was properly issued, the evidence derived through execution of that warrant provided ample and valid basis for the subsequent eavesdropping warrants.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Rabin and Stevens concur in memorandum.
Order affirmed.