THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v
JOHN WINSTON ROMNEY, Respondent.

Fourth Department, December 12, 1980

**APPEARANCES OF COUNSEL**

*Lawrence T. Kurlander, District Attorney (Stephen M.
Brent* of counsel), for appellant.

*DiPasquale & Speranza (Donn A. DiPasquale* of coun-
sel), for respondent.

**OPINION OF THE COURT**

WITMER, J.

The principal question presented on this appeal is
whether a wiretap warrant was supported by a sufficient

showing that the police exhausted normal police procedures as required by statute (CPL 700.15, subd 4; 700.20, subd 2, par [b]) to obtain the information which they properly sought in their investigation of drug traffic on the part of defendant and his associated drug dealers. We conclude that it was and that in any event on the facts of this case another Judge of the same court which issued the warrant had no proper basis upon which to declare the warrant insufficient.

In July, 1978 Officer Morris of the police narcotic squad, which had been co-operating with the District Attorney in the investigation of drug possession and sales in the City of Rochester, learned from an informant that defendant was selling cocaine and heroin. In order to establish the informant's credibility, Officer Morris, with the informant's consent, listened in on at least four telephone conversations between the informant and defendant in which the purchase of cocaine and heroin was arranged. On August 9 and on August 16, 1978 Officer Morris supplied the informant with money to buy drugs from defendant. On each occasion the informant was searched before and after the "buy", and was found to have bought cocaine the first time and heroin the second time. The informant was not equipped with an electronic device which would record the conversations during the transactions. In his affidavit in support of the application for an eavesdropping warrant authorizing the wiretap of the telephone at the residence from which defendant was "operating", Officer Morris stated that defendant was wily and extremely cautious, and that he would not conclude a transaction at the residence, but would designate a stated street location where he would shortly meet the informant, alone, to make the sale. Because the police were also seeking to learn the identity of defendant's associated drug dealers, and because they concluded that defendant's wily techniques made it virtually impossible to make an effective surveillance of him and get the necessary information without a wiretap on the telephone at the residence from which he was operating, the District Attorney applied for a warrant to make such a wiretap, and he supported it by the affidavits of Officers Morris and Monk. The above facts were set forth, and Officer Morris

averred that in his experience further surveillance of defendant without a wiretap would be fruitless and would only alert defendant and his associates of the existence of the investigation. A County Judge found the application to be sufficient and issued the warrant; and it was executed.

The results of the wiretap are not contained in the record, but it does not appear that sufficient information to incriminate anyone besides defendant was obtained. Defendant was indicted for possession of a controlled substance and possession of three guns.

On defendant's omnibus motion in County Court against the indictment, he moved for suppression of the wiretap evidence on several grounds. The motion was denied except that the Judge gave defendant the opportunity to be heard later on the question of police exhaustion of normal police procedures in their investigation before applying for the eavesdropping warrant. Later, without receiving further evidence concerning the extent of the prior police efforts in their investigation, the motion Judge held that the application failed to comply with the exhaustion requirements of the statute (CPL 700.15, subd 4; 700.20, subd 2, par [b]), and he ordered the wiretap evidence suppressed.

Because the wiretap evidence apparently failed to yield information justifying the indictment of persons other than defendant, it appears that defendant was able to cause the motion court to look only at the warrant application as it applied to him. The sufficiency of the application, however, may not be judged by the results obtained on the execution of the warrant. Although the application shows that the police had only investigated defendant for about a month, we conclude that the information contained therein justified the grant of the wiretap warrant by the issuing Judge. The law gives him considerable discretion in determining the sufficiency of the application (see *United States v Martin*, 599 F2d 880, 886-887; *United States v Hyde*, 574 F2d 856, 867; reh den 579 F2d 643; *United States v Daly*, 535 F2d 434, 437-439; *United States v Smith*, 519 F2d 516, 518). In review of the validity of the warrant, the court should determine whether a minimal showing was lacking so that the Judge abused his discretion in issuing it *(United*

*States v Gerardi*, 586 F2d 896, 897; *United States v Scibelli*, 549 F2d 222, 226, cert den 431 US 960). Considering the avowed purpose and extent of the investigation and the demonstrated cautious and wily conduct of the defendant whose activity was only the center of the investigation, we hold that the issuance of the warrant was not an abuse of discretion (see *People v Versace*, 73 AD2d 304, 307-308; *People v Penna*, 53 AD2d 941; *United States v Baker*, 589 F2d 1008, 1011; *United States v Lawson*, 545 F2d 557, 563; *United States v Anderson*, 542 F2d 428, 431-432; see *People v Seney*, 34 NY2d 817, 819).

■ We point out, moreover, that the universal rule that a Judge may not review and reverse a determination made by a fellow Judge of his court should be observed in these circumstances. When a motion to suppress evidence obtained under a warrant is made on the ground of insufficiency of the factual showing in the papers before the issuing Judge, another Judge of that same court, though having jurisdiction (CPL 710.50; *People v Gatti*, 16 NY2d 251, 254), should not entertain the motion in the absence of a showing of fact in addition to those presented on the application for the warrant (cf. *People v Versace*, 73 AD2d 304, 307, *supra*).

The order should, therefore, be reversed and the motion to suppress the wiretap evidence should be denied.

DILLON, P. J., CARDAMONE, SIMONS and DOERR, JJ., concur.

Order unanimously reversed and motion denied.