OPINION OF THE COURT
Carmelo A. Parlato, J.
This ex parte application has been made to me, sitting at Special Term, for a warrant of arrest, pursuant to CPL 120.10. While Buffalo City Court is comprised of 12 Judges of co-ordinate jurisdiction, applications of this nature are made solely at Special Term, manned by one Judge during each four-week term. In support of the application is a felony complaint recently executed and filed. Further, I have been provided with the court records of proceedings conducted by another Judge on essentially the same complaint, merely of earlier date. As will be described in more detail below, the first complaint was “dismissed” and the instant (second) complaint represents a “relaying” of the same charge. The principle concern of this opinion is with the question of whether issuance of the proffered warrant is authorized by law.
On December 23, 1980, the first felony complaint was executed and filed with this court, upon which the then Special Term Judge issued a warrant of arrest. The defendant was accordingly arrested, was booked, fingerprinted, photographed, etc., and was on January 28, 1981 duly brought by the city police before another of the Judges of this court, and was arraigned, at which time he appeared *138 with counsel, and was released on his own recognizance. A felony hearing was scheduled for the afternoon session (customarily commencing at 2:00 p.m.) of February 5,1981. On February 5, at 2:47 p.m., the Presiding Judge “dismissed” the accusatory instrument “without prejudice”, noting the nonappearance of the complainant, the readiness of the defendant, and the nonreadiness of the prosecution to proceed, and further noting: “District Attorney to notify complainant of right to relay.” On February 6,1981, the second complaint was executed, in all respects substantially identical with the said complaint of December 23, 1980, and has been presented to me for issuance of a second warrant of arrest, i.e., more significantly, for the defendant’s rearrest.
The District Attorney, in support of the application, does not argue that there is any difference of substance (other than the dates of execution) between the two complaints or indeed that there was any claim, much less finding, that there was anything defective about the first complaint, or that the “dismissal” was for any reason other than the then immediate nonreadiness of the prosecution to proceed with the scheduled felony hearing. The District Attorney argues that notwithstanding the aforesaid nonreadiness, he should be provided with an opportunity for proceedings in this court, leading to this defendant being held for action of a Grand Jury, or the charge being reduced, etc., and argues further that the above-described “re-laying” procedure is the only way such proceedings will be made available to him. The District Attorney correctly cites the following practice of most of the Judges of this court: In such situations of prosecutorial nonreadiness, the Presiding Judge may grant adjournments at his option; however, at any point he may “dismiss” the complaint, sometimes with and sometimes without the consent of the District Attorney, usually on defense motion. Such dismissals are sometimes characterized as for “failure to prosecute”, or “without prejudice”; never is any statutory ground noted. Further proceedings are not barred, but if the Judge who has so “dismissed” is not willing to reschedule proceedings on the same complaint, the District Attorney must have the complainant execute a second complaint, which may be verba *139 tim the same as the first, merely updated; thereupon a new warrant of arrest is issued and an entirely new sequence ensues, as if the first complaint had never existed: the defendant is rearrested, rebooked, etc., and arraigned upon the second complaint, usually before a different Judge, by whom further proceedings are scheduled.
It is my opinion that there is no. statutory authority for the issuance of such second warrant of arrest, in the type situation above described, and in the instant case in particular.
CPL 120.10 (subd 1) provides that “The sole function of a warrant of arrest is to achieve a defendant’s court appearance in a criminal action for the purpose of arraignment upon the accusatory instrument by which such action was commenced.” CPL 120.20 provides, “1. When a criminal action has been commenced in a local criminal court by the filing therewith of an accusatory instrument, *** such court may *** issue a warrant for such defendant’s arrest.”
It is clear that the “warrant of arrest” is not authorized to achieve the defendant’s appearance for any purpose other than for arraignment, and for no other arraignment than upon the accusatory instrument by which the action is commenced, and thusly that if the second complaint has not commenced an action then it does not provide the authorized basis for issuance of the warrant of arrest applied for.
To reach the conclusion, as I have, that this second complaint has not commenced an action, only two points must be seen, with reference to CPL 1.20 (subd 16): Firstly, the “dismissal” of the first complaint, whatever it may have accomplished, did not terminate the criminal action which was commenced by that first complaint; and, secondly, this second complaint is directly derived from the first complaint (being essentially its copy). Therefore, any proceedings which are properly had on the second complaint must be within the still pending action commenced by the first complaint.
Both of the aforesaid points are strongly supported and adequately explained in the majority opinion in People v *140 Osgood and People v Haynes (52 NY2d 37), jointly decided by the Court of Appeals on December 22, 1980. Even though the holding of the court had to do with the commencement of the action (and noncommencement of a purported second action) in relation to the running of speedy trial time, the rationale is clearly applicable to the instant questions. Moreover, the dissenting opinion does not dispel the likelihood that even the dissenters would find that, in the facts of the instant case, the second complaint has not commenced a new action, or otherwise provided a legal basis for the issuance of a warrant for the rearrest, rebooking, etc., of a defendant who has not been given reasonable notice to appear and must be presumed ready and willing to do so.
It has been claimed that the “dismissal” of complaints, as in this case, and of accusatory instruments in analogous nonfelony cases, without statutory grounds, is within the inherent power of the court to control its calendar. This claim can be answered firstly by the pointing out that no inherent court power exists to terminate an action other than as authorized by the Criminal Procedure Law; secondly, this still leaves the court able fairly to control its calendar for actions pending before it. Where the District Attorney is either unready or unwilling to provide a reasonable basis for the scheduling of proceedings in furtherance of his right to prosecute, then the court can usefully “dismiss” the action from its active calendar, so long as it recognizes that the action has not terminated but reposes in a sort of general docket, or reserve calendar, comparable to when a Bench warrant has been issued on the nonappearance of the defendant, and that further proceedings must be scheduled when and if the District Attorney makes a good faith request therefor.
In this case, I therefore hold that a warrant of arrest is not authorized and I therefore deny the application therefor; I might mention further that, by the same reasoning, a summons is not authorized, although the damage to the defendant would be much less. The proper procedure is that defendant and/or his attorney be given reasonable notice to appear, in the pending action, for further proceedings on the first complaint and/or the second complaint *141 (preferably, a redundant accusatory instrument should be dispensed with); that failing such appearance after reasonable notice, a Bench warrant (CPL 1.20, subd 30) will be the authorized process to achieve his appearance. Neither the giving of such notice or the issuance, if necessary, of such Bench warrant is presently a Special Term function, but is that of the Judge before whom this action is still pending or to whom the action may be administratively transferred.
This procedtire will provide the District Attorney with his rightful opportunity to prosecute the subject charges, and will avoid abuse of the warrant of arrest.
It might further be noted that, this application having been denied by me, it should not be submitted to or entertained by any other Judge of this court. (See People v Romney, 77 AD2d 482, 485.)