OPINION OF THE COURT
F. Warren Travers, J.
Defendant, as part of an omnibus pretrial motion, seeks to suppress evidence obtained as the result of search and seizure eavesdropping warrants.
Defendant was arraigned before Honorable John J. Clyne, one of the two Albany County Judges, on December 24, 1981. Thereafter, defendant’s omnibus motion came on for argument before Honorable Joseph Harris, the other Albany County Judge, on March 4, 1982. Judge Harris disqualified himself from hearing the application on the ground that he had previously represented this defendant, and transferred the matter to Judge Clyne who had authorized the warrants.
By order to show cause dated March 15,1982, returnable in Supreme Court, Albany County, defendant requested an order removing the indictment to Supreme Court for the sole purpose of hearing and determining that portion of the omnibus motion directed at the suppression of the evidence obtained as a result of the search and eavesdropping warrants or, in the alternative, that an Acting Albany County *620 Judge be designated for the same limited purpose. Defendant alleged that without calling into question Judge Clyne’s impartiality, in any respect, it would not be proper for him to preside at the hearing or determination of the suppression portion of the omnibus motion.
By order of May 5, 1982, Justice Edward S. Conway, Administrative Judge, Third Judicial District, assigned F. Warren Travers, Rensselaer County Surrogate, to Albany County Court to hear and determine this matter.
At the outset, this court conferred with counsel and raised the question of the propriety and authority of one county level Judge to review the issuance by a Judge of coordinate jurisdiction of an eavesdropping warrant.
The Appellate Division, Fourth Department, in People v Romney (77 AD2d 482, 485) stated, “We point out, moreover, that the universal rule that a Judge may not review and reverse a determination made by a fellow Judge of his court should be observed in these circumstances. When a motion to suppress evidence obtained under a warrant is made on the ground of insufficiency of the factual showing in the papers before the issuing Judge, another Judge of that same court, though having jurisdiction (CPL 710.50; People v Gatti, 16 NY2d 251, 254), should not entertain the motion in the absence of a showing of fact in addition to those presented on the application for the warrant (cf. People v Versace, 73 AD2d 304, 307, supra).” (See, also, 32 NY Jur, Judges, § 21.)
Counsel for defendant cites People v Versace (supra), a Second Department case in support of the proposition that while an issuing Judge could pass on a motion to suppress the very warrant he had authorized, the same is not a desirable procedure to follow when alternatives exist. Defendant argues, therefore, not that Judge Clyne “could not hear his suppression motion, but that he should not when alternatives exist.”
Counsel for defendant, in his application to Justice Conway, also set forth that in advance of a hearing defendant is unaware whether the applicant for the search warrant presented any additional information to Judge Clyne; whether Judge Clyne had any communication with prose *621 cuting or law enforcement officials regarding the execution of the warrant at the time or after it was issued, and whether and to what extent Judge Clyne participated in the sealing of any recordings made pursuant to the warrant.
There is no dispute that where a Judge is a material witness he should disqualify himself. The claim, however, that the Judge is a material witness must be made in good faith and must be based on fact. (See People v Rodriquez, 14 AD2d 917.) Here there is not sufficient alleged to require Judge Clyne to disqualify himself. Counsel for defendant also argues on the theory of “Judicial Economy” in that the warrant in this case was authorized by Judge Clyne, and Rensselaer County Judge, M. Andrew Dwyer, Jr., authorized an extension thereof and a search warrant. Defendant contends that to carry the rationale of People v Romney (supra) to its logical extreme, it would mean that several hearings, rather than one, would be needed to determine a defendant’s attacks on multiple warrants.
Such is not the case. CPL article 710 governs motions to suppress evidence generally, and CPL 710.50 specifies in which court a motion to suppress evidence is made. (See, also, People v Fusco, 75 Misc 2d 981, 983; People v Sossa, 77 Misc 2d 98.) The instant motion to suppress will be heard and determined in the trial court with no violation of the concept of “economy of judicial resources”.
Firmly embedded in our jurisprudence is the principle that one Judge of co-ordinate jurisdiction should not vacate, modify or depart from the ruling or order made by a colleague of equal rank in the same case.
The matter, therefore, is referred to Honorable John J. Clyne.