■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD CARSON and IRWIN BROWN, Respondents. — Order unanimously modified and, as modified, affirmed, in accordance with the following memorandum: During a gambling investigation, the police applied for and received an eavesdropping warrant for the express purpose of determining the scope of the alleged criminal enterprise. Later, as a result of information obtained from the authorized wiretaps, warrants were obtained to search two premises for gambling records. Defendants' motion to suppress evidence seized pursuant to the eavesdropping and search warrants was granted on the ground that the eavesdropping warrant was not supported by a sufficient showing that the police exhausted normal investigative procedures (CPL 700.15, subd 4; 700.20, subd 2, par [b]). Based on the affidavits supporting the eavesdropping warrant and testimony at a hearing, the court found that the warrant should not have been issued by another County Court Judge. The People's contention that the court improperly reviewed a determination made by a fellow Judge is without merit. Application of the "law of the case" doctrine is a matter of judicial discretion and is not without limitations (*Matter of Silverberg v Dillon*, 73 AD2d 838). In this case the application for the eavesdropping warrant was made ex parte. Its veracity and the claimed existence of a confidential informant were questioned by the defendants on their motion to suppress. The court made its decision based not only on the affidavits submitted with the application, but also on additional facts established at the hearing. Under

these circumstances the court did not abuse its discretion in entertaining the suppression motion (see CPL 710.50, subd 1, par [a]; *People v Versace,* 73 AD2d 304; *Matter of De Joy v Zittell,* 67 AD2d 1076; see *People v Romney,* 77 AD2d 482; see, also, *People v Martin,* 97 Misc 2d 441, 444-445, revd on other grounds 71 AD2d 928; 1 Carmody-Wait 2d, NY Prac, § 2:68, p 82). The court erred, however, in granting the motion to suppress on the ground that the police did not exhaust normal investigative procedures before applying for the eavesdropping warrant. During the five-month investigation preceding the application the police were unable to gather any evidence against the higher echelon of the conspiracy. There is no requirement that the police use eavesdropping only as a last resort after every other imaginable method of investigation has proved unsuccessful. The law simply requires that the police " 'inform the authorizing judicial officer of the nature and progress of the investigation and of the difficulties inherent in the use of normal law enforcement methods' " (*People v Versace, supra,* p 308, quoting *United States v Hinton,* 543 F2d 1002, 1011). The required showing must be " 'tested in a practical and commonsense fashion' " (*United States v Lilla,* 699 F2d 99, 103; see, also, *People v Versace, supra,* p 307) in the context of the objectives of the investigation as delineated in the People's application (see *People v Romney, supra; People v Versace, supra;* see, also, *United States v Bailey,* 607 F2d 237). Under the circumstances in this case issuance of the warrant was not an abuse of discretion (see *People v Romney, supra,* pp 484-485). Nevertheless, the evidence seized during the search of premises located at 908 Hudson Avenue, Rochester, New York, should be suppressed. Although the police knew that a warrant had been signed and was en route, they entered and searched the premises without the warrant in their possession. The entry may have been proper (see *People v Mahoney,* 58 NY2d 475), but the search which was conducted for gambling records before the warrant arrived cannot be justified. Obviously, without the warrant in their possession the police could not know the terms of the warrant and the limitations imposed by the issuing Judge. Thus, the search which was conducted was tantamount to a warrantless search. There is no reason why the searching officers could not have waited a short time until the warrant arrived. Other grounds for suppression have been examined and found to be without merit. (Appeal from order of Monroe County Court, Celli, J. — suppression.) Present — Dillon, P. J., Hancock, Jr., Green, O'Donnell and Schnepp, JJ.