OPINION OF THE COURT
Sherwood L. Bestry, J.
Defendant is charged with having committed a violation of subdivision 1 of section 235.05 of the Penal Law (obscenity in the third degree) in the Town of Amherst, Erie County, on October 14, 1983. The complaining witness, Detective Sergeant Vincent Costanza of the Erie County Sheriff’s Department, verified the information November 21, 1983.
The arrest warrant was issued and signed November 22, 1983 by Honorable Theodore S. Kasler, Justice of the Supreme Court and also Criminal Administrative Justice of the Eighth Judicial District.[1]
The same day defendant was arrested by the Erie County Sheriff’s Department and issued an appearance ticket returnable December 14,1983 in the Amherst Town Court.[2]
*834 Following the issuance of the appearance ticket and on November 25, 1983 the accusatory instrument was physically filed in this court. Defendant appeared on the return date, with his attorney and was arraigned. Eventually the present voluminous omnibus motion was made.
I. JURISDICTION TO HEAR AND DETERMINE MOTION TO SUPPRESS EVIDENCE SEIZED UNDER AUTHORITY OF SEARCH WARRANT
The first issue that must be resolved is whether this court has such jurisdiction as enables it to decide this branch of the motion, to wit: a motion to suppress evidence seized pursuant to a search warrant issued by Honorable Theodore S. Kasler, Justice of the Supreme Court.
At first blush, CPL 710.50 (subd 1, par [c]) would seem to lay the issue to rest.[3]
By virtue of the local rules of this court, because the alleged offense was committed during the first 15 days of the month, the case was assigned to the undersigned; and under this court’s anti-Judge shopping rule, will remain with him until disposition. Therefore, in the ordinary course of matters, there would be no question that this court and this Judge would have both jurisdiction and the duty to determine the motion (CPL 100.55, subd 4; 120.90, subd 1). However, the search warrant was issued by another judicial officer (ironically, a member of the State Supreme Court Bench, and of a town court are both called Justice).
When Judge Kasler issued the search warrant herein, he was acting as a local criminal court (CPL 10.10, subd 3, par [f]). If this court determines the instant motion, and rules in favor of the defendant, this court will have reviewed and reversed a determination made by a Judge who in a very limited posture was for an instant “a fellow judge of this court”.
In People v Versace (73 AD2d 304), the same Judge who issued an eavesdropping warrant, entertained a motion to *835 suppress it. The Second Department, although, finding that there was no statutory prohibition against the Judge acting in a dual capacity held that “[w]hat occurred is not a desirable procedure to follow when alternatives exist, and in the future such a situation should be avoided if possible” (People v Versace, supra, p 307; emphasis supplied).
Subsequent to Versace (supra) the Fourth Department in People v Romney (77 AD2d 482, 485), another eavesdropping warrant case, held that “a Judge may not review and reverse a determination made by a fellow Judge of his court * * * When a motion to suppress evidence obtained under a warrant is made on the ground of insufficiency of the factual showing in the papers before the issuing Judge, another Judge of that same court, though having jurisdiction (CPL 710.50; People v Gatti, 16 NY2d 251,254), should not entertain the motion in the absence of a showing of fact in addition to those presented on the application for the warrant”.
When there is a conflict between two or more Appellate Division departments and the Fourth Department (the department in which this court is located) has made its ruling, then this court is bound to follow that ruling. Therefore, People v Romney (supra) rather than People v Versace (supra) must govern.
In following Romney (supra), however, if there is a “showing of fact in addition to those presented on the application for the warrant” (People v Romney, supra, p 485) another Judge of the same court can review the determination.
Supreme Court Justice Kasler was another Judge of this court for the instant that he entertained and issued the arrest warrant (CPL 10.10, subd 3, par [f]; 10.20, subd 2; 10.30, subd 3). He sat as a local criminal court exercising “preliminary jurisdiction” (see CPL 1.20, subd 25), which is the only kind of jurisdiction he possessed when acting as a local criminal court (CPL 10.30, subd 3; cf. People v Darling, 50 AD2d 1038). He does not have trial jurisdiction in this case because this court has not been divested of jurisdiction (CPL 10.20, subd 2; 10.30, subd 2).
*836 A determination of the instant motion to suppress “falls within the term trial jurisdiction” (Matter of Michelson v Clyne, 84 AD2d 883). A Supreme Court Justice is without trial jurisdiction when acting as a local criminal court. Furthermore, his duties as a local criminal court terminated when the defendant was arraigned in this court.
Therefore, Judge Easier is without jurisdiction to determine this motion (Matter of Michelson v Clyne, supra). The burden falls upon this court.
In undertaking this burden, this court is not unmindful of the admonition that “the task of a reviewing court is not to conduct a de novo determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate’s decision to issue the warrant” (Massachusetts v Upton, 466 US_,_, 104 S Ct 2085-2086; Illinois v Gates, 462 US 213, 103 S Ct 2317).
[For the purposes of publication, the rest of the decision dealing with the sufficiency of the search warrant, and of the information, contained in items II through and. including VI, is omitted.]

. Judge Kasler was apparently sitting as a local criminal court (CPL 10.10, subd 3, par [f]; 10.30).

. Defendant should have been “without unnecessary delay” brought before this court (CPL 120.90, subd 1; 120.30, subd 1). There was no authority for issuing an appearance ticket by the Erie County Sheriff’s Department because the arrest was an arrest made pursuant to a warrant, not a warrantless arrest. Only a warrantless arrest authorizes an appearance ticket. (CPL 150.20.)

. “§ 710.50 Motions to suppress evidence; in what courts made
“1. The particular courts in which motions to suppress evidence must be made are as follows * * *
“(c) If an information * * * is pending in a local criminal court, the motion must be made in such court”.