■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. REZEY, BRENDA J. REZEY, Also Known as BRENDA BOLT, and DONALD G. PATNODE, Appellants. — Appeals from judgments of the County Court of Albany County (Harris, J.), rendered November 4, 1983, convicting defendants Joseph A. Rezey and Donald G. Patnode upon their pleas of guilty of the

crime of criminal possession of marihuana in the first degree and convicting defendant Brenda J. Rezey upon her plea of guilty of the crime of attempted criminal possession of marihuana in the first degree.

As part of an extensive investigation into alleged drug transactions involving defendant Joseph A. Rezey, an eavesdropping warrant dated January 19, 1982 was issued by the Rensselaer County Court to permit the interception of telephone conversations relating to violations of article 220 of the Penal Law on a telephone listed at an address where defendants Rezey lived. This eavesdropping warrant (telephone warrant) was extended by the Rensselaer County Court on February 18, 1982. A second eavesdropping warrant, dated February 13, 1982, was issued by the Rensselaer County Court to permit the placement of a wireless transmitter (room bug) in the house where the Rezeys lived and the interception of conversations relating to violations of article 220 of the Penal Law. This second warrant (room bug warrant) was amended on March 4, 1982 to allow the police to change the location of the room bug and to include conversations pertaining to the sale of marihuana. The room bug warrant was extended by the Rensselaer County Court on March 13, 1982. As a result of the evidence collected through the use of the eavesdropping warrants as amended and extended, a search warrant, which authorized the seizure of marihuana, cocaine, and related drug paraphernalia, was issued for a 1978 Ford van registered to defendant Brenda J. Rezey.

This search warrant was executed in Albany County and a large quantity of marihuana was found in the van, which had been driven to Albany County by defendant Donald G. Patnode, who had been met by defendant Joseph Rezey. Defendants were arrested and subsequently indicted for criminal possession of marihuana in the first degree. After a joint suppression hearing, County Court denied defendants' motion to suppress tangible evidence and intercepted communications. Defendants Joseph Rezey and Patnode then pleaded guilty as charged and were each sentenced to 5 to 15 years in prison. Defendant Brenda Rezey pleaded guilty to a reduced charge of attempted criminal possession of marihuana in the first degree and was sentenced to a five-year term of probation. All three defendants now challenge County Court's determination of their suppression motion. We affirm.

First, having carefully reviewed the applications for the eavesdropping warrants, for the extensions and for the amendment, as well as the affidavits in support of the applications, we reject defendants' claim that there was not probable cause to

issue the warrants, extensions and amendment. It is well settled that in a situation such as this, the warrant application must satisfy the two-pronged test of *Aguilar v Texas* (378 US 108, 114; see *People v Bartolomeo,* 53 NY2d 225, 233-234; see, also, *People v Brown,* 95 AD2d 569, 572). Concerning the initial telephone warrant, the prong that concerns the reliability of the informants was satisfied because the information presented by the affiant was supplied by informants who made statements against their penal interests (*People v Brown,* 40 NY2d 183, 187) and by a law enforcement officer (*id.*). The other prong, that of the basis of knowledge of the informants, was satisfied by the affiant fully setting forth the facts and circumstances relied upon by the informants in reaching their conclusions (*id.,* at pp 186-187; *People v Hanlon,* 36 NY2d 549, 556). The extension of the telephone warrant was based on the affiant's original affidavit, which was incorporated by reference, and conversations seized as a result of the initial warrant. This information was sufficient to justify the extension of the telephone warrant (see *People v Davis,* 93 AD2d 970).

The room bug warrant was based upon the affiant's original affidavit and included certain intercepted conversations in which defendant Joseph Rezey instructed unknown individuals not to discuss certain undisclosed matters over the phone, but to visit and talk about them in person. This information presents sufficient probable cause to authorize the room bug (*id.*). The room bug warrant amendment and extension were also based on the affiant's original affidavit supplemented by intercepted conversations which demonstrate probable cause (*id.*). Thus, the warrants, extensions and amendment were issued upon showings of sufficient probable cause.

Defendants raise several other arguments, none of which require reversal. Contrary to defendants' contention that the marihuana seized pursuant to the search warrant should be suppressed because the eavesdropping warrants were only for cocaine-related conversations, the room bug warrant amendment clearly and unequivocally authorizes the interception of conversations about marihuana. Likewise, there is no merit to defendants' contention that suppression is required because the extension of the room bug warrant related only to the original room bug warrant and did not affect the amendment to said warrant, under which the conversations about marihuana were seized. The original room bug warrant as amended to include conversations about marihuana was in effect until March 13, 1982, and the marihuana-related conversations used in the application for the search warrant for the van were intercepted

not later than March 10, 1982, before the extension of the original room bug warrant. Thus, the propriety of the search warrant for the van must be tested by the scope of the original room bug warrant as amended, which included conversations relating to marihuana, and the scope of the extension to said warrant is immaterial.

Next, the lapse of 10 days between the time the conversation concerning marihuana was intercepted and the application to amend the room bug warrant does not contravene the "as soon as practicable" clause of CPL 700.65 (subd 4) (see *United States v Aloi,* 449 F Supp 698, 726). There is also no merit to defendants' further contention that the marihuana which was seized must be suppressed because marihuana-related crimes do not constitute a "designated offense" (CPL 700.05, subd 8) for which eavesdropping devices can be used and, therefore, any information related to marihuana gathered through such devices was improperly attained. CPL 700.65 (subd 4) provides a procedure, adhered to in this case, which allows for the interception of "a communication which was not otherwise sought and which constitutes evidence of *any crime*" (emphasis added), not just of a designated offense (*People v Basilicato,* 64 NY2d 103, 115, n 2). In a related context, we are of the view that the conversations concerning marihuana were "not otherwise sought" because, prior to the warrant amendment specifically seeking marihuana-related conversations, neither the warrants nor the applications therefor contained any particular description of the type of conversation intercepted, that is, of marihuana sales (see *People v Di Stefano,* 38 NY2d 640, 650-651). Also, inasmuch as no Fourth Amendment rights are implicated by the use of a pen register, we reject defendants' claim in this regard (see *Smith v Maryland,* 442 US 735; *People v Gallina,* 95 AD2d 336, 337). And, inaccuracies in the daily record maintained by the police would not affect its admissibility, but would be relevant as to its probative value before the trier of fact.

We also reject defendants' contention that the minimization requirements established by CPL 700.30 (subd 7) were violated. Having examined the suppression hearing minutes and the transcripts and records of the communications intercepted, we are satisfied that the minimization guidelines established by *People v Floyd* (41 NY2d 245) were followed. The warrants included minimization directives and the police were instructed as to minimization procedures. The logs maintained by the police and introduced into evidence by the prosecution contain sufficient information about the minimization procedures practiced by the police to satisfy the People's burden of going forward

to show the legality of the police conduct (see *id.,* at p 250; *People v Di Stefano,* 38 NY2d 640, 652, *supra*). Defendants introduced transcripts of the conversations and point to some 230 conversations as evidence of nonminimization. Although we are somewhat disturbed that the logs maintained by the police and the transcripts do not always correlate, we note that many of the conversations relied on by defendants could be considered suspicious and thus, were properly intercepted at length. In this regard, we recognize that minimization does not require all nonpertinent conversations to be avoided, especially in narcotics investigations where conversations are often lengthy and in code (*People v Floyd, supra,* pp 249, 252). We further note that many of the conversations relied on by defendants do not correlate with the logs maintained by the police or the transcripts, and it is further evident from even a cursory review of the record that many conversations were deemed nonpertinent and not recorded. Against this background, we conclude that defendants have failed to sustain their burden of persuasion on the motion to suppress (*id.,* at p 250; *People v Di Stefano, supra,* p 652) and reversal is, therefore, not required as defendants contend.

Finally, the sentences cannot be deemed an abuse of discretion requiring modification.

Judgments affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.