■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK RUMPEL, JR., and JOHN RUMPEL, Respondents. — Harvey, J. Appeal from an order of the County Court of Broome County (Monserrate, J.), entered May 22, 1984, which granted motions by defendants to suppress evidence.

Having information that defendants were participating in gambling activities, the Broome County District Attorney applied for and received an eavesdropping warrant pursuant to CPL article 700. The application for the eavesdropping warrant was supported by affidavits of the District Attorney and two police officers who had conducted an ongoing investigation of defendants. Additionally, the eavesdropping warrant application was supported by the in camera testimony of a confidential informant.

On the basis of information secured by police as a result of the authorized tap on defendant Frank Rumpel's telephone, warrants were issued permitting the search of defendants' residences. The searches yielded evidence indicative of defendants' involvement in betting activities on sports events. Subsequently, each defendant was indicted on two counts of promoting gambling in the first degree. Thereafter, defendants moved to suppress the physical evidence seized by the search warrant. County Court ruled, without a hearing, that the Judge who had issued the eavesdropping warrant had erred. As a result, County Court suppressed all evidence obtained by both the eavesdropping warrant and the search warrant. Having determined that the Judge improperly issued the eavesdropping warrant, County Court held that the search warrant was illegal because it was

obtained by use of information gained by the wire tap. The People appeal, asserting that there would be insufficient evidence to convict without the evidence suppressed.

At the outset, we note that there was ample compliance by the District Attorney with the application procedures and requirements for an eavesdropping warrant set forth in CPL 700.15 and 700.20. Here, in addition to the sworn information given by police officers, the informant appeared personally before the issuing Judge and gave an in camera statement which established that defendants were engaging in gambling activities (*see, People v Basilicato,* 98 AD2d 124, 125-126, *revd on other grounds* 64 NY2d 103; *People v Meranto,* 86 AD2d 776). County Court erred in holding that the police had failed to properly exhaust other investigative techniques prior to seeking permission for eavesdropping. "There is no requirement that the police use eavesdropping only as a last resort after every other imaginable method of investigation has proved unsuccessful" (*People v Carson,* 99 AD2d 664, 665; *see also, People v Gallina,* 95 AD2d 336, 339-340). The test is one of practicality and common sense. That was met here, considering the covert nature of defendants' operation and the fact that the telephone was extensively employed in the particular criminal activity. Thus, we find that there was adequate compliance with the CPL in this respect. Inasmuch as County Court based its decision to suppress the physical evidence seized through execution of the search warrants solely on the purported invalidity of the eavesdropping warrants, we must reverse (*People v Romney,* 77 AD2d 482).

County Court also granted defendants' application for an order directing the People to disclose the identity of the confidential informant. Defendants contend that this court lacks jurisdiction to entertain that portion of County Court's order. We disagree. The appeal by the People is in accord with the specific provisions of CPL 450.20 (8). The District Attorney also filed the statement required by CPL 450.50, which, among other things, provides that "[t]he taking of an appeal by the people * * * constitutes a bar to the prosecution of the accusatory instrument *involving the evidence ordered suppressed* * * * until such suppression order is reversed upon appeal" (CPL 450.50 [2] [emphasis supplied]; *see, Matter of Forte v Supreme Ct.,* 62 AD2d 704, 713, *affd* 48 NY2d 179). While there is no specific statutory authority for an interlocutory appeal from an order directing the disclosure of a confidential informant, such an additional direction in the order of suppression appealed from herein certainly "involves the evidence ordered suppressed", for it was this very "evidence" that formed the initial basis for the eavesdropping

warrant. Thus, this directive is reviewable by this court on the present appeal since it falls comfortably within the scope of review provisions for an intermediate appellate court as set forth in CPL 470.15 (1), which provides: "Upon an appeal to an intermediate appellate court from a judgment, sentence or order of a criminal court, such intermediate appellate court may consider and determine any question of law or issue of fact involving error or defect in the criminal court proceedings which may have adversely affected the appellant."

Here, the People are certainly adversely affected by the order in question (*see, People v Goodfriend,* 100 AD2d 781, 782). Moreover, and in any event, the question is so closely identified with the suppression order that it should be reviewable in the direct appeal under CPL 450.20, whether specifically mentioned or not (*see, People v Kitt,* 93 AD2d 77, 78, *lv denied* 57 NY2d 678). Certainly, and in the interest of judicial economy, the question should be resolved on this appeal rather than placing the District Attorney in the position of being forced to honor his commitment not to disclose the identity of his confidential informant, an action which would probably result in a dismissal of the indictment and require another appeal from that order.

Reaching the merits, we find that County Court clearly abused its discretion in ordering a disclosure of the identity of the informant. It is, first, difficult to understand the necessity of this further directive once the order of suppression was granted, for it effectively terminated the prosecution. However, absent this peculiar circumstance, the record does not demonstrate a foundation for or evidence to support an order to disclose the informant's identity (*see, People v Goggins,* 34 NY2d 163, *cert denied* 419 US 1012; *People v Darden,* 34 NY2d 177).

Order reversed, on the law and the facts, and motions denied in their entirety. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.