■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. REZEY, Appellant.—Kane, J. Appeal, by permission, from an order of the County Court of Albany County (Harris, J.), entered August 2, 1985, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal possession of marihuana in the first degree, after a hearing.

The judgment of conviction of defendant and his two codefendants (his wife, Brenda J. Rezey, and an associate, Donald G. Patnode) was affirmed by this court upon direct appeal from their pleas of guilty (107 AD2d 850).

The only issue on this appeal is whether defendant was deprived of effective assistance of counsel during the proceedings up to his plea of guilty and the appeal therefrom. Defendant contends that his trial counsel was inadequately prepared and failed to zealously safeguard his interests, as evidenced by the fact that he represented all three codefendants preliminarily and on the direct appeal from the conviction. The record demonstrates that these contentions lack merit.

First, County Court repeatedly informed defendant of the dangers inherent in joint representation. This occurred on each occasion defendant appeared in court, and, on each such occasion, defendant acknowledged that he understood what the court was saying with regard to conflict of interest and indicated that he wished the matter to proceed. Moreover, the court was made aware of defense counsel's position that in the event a decision was made to go to trial rather than plead guilty upon the denial of the suppression motion, he would move for a severance and withdraw as counsel to the codefendants. It is our view that County Court fulfilled its legal obligation to defendant (see, People v Lloyd, 51 NY2d 107).

Insofar as defense counsel is concerned, there were numerous occasions during which trial strategy was discussed with all three codefendants. The ultimate considered judgment was to plead guilty and thereafter attack on appeal the eavesdropping evidence in the event the motion to suppress was denied. Defense counsel's testimony at the hearing clearly supports the conclusion of County Court that counsel's conduct was in accord with the highest standards of the legal profession and in accord with the legal requirements when confronted with the difficult situation inherent in complying with the request for dual representation by codefendants (see, People v Baldi, 54 NY2d 137; People v Gomberg, 38 NY2d 307).

Order affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.