THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
GEORGE W. MOON, Appellant.

Third Department, June 13, 1991

## APPEARANCES OF COUNSEL

*Joseph F. Cawley (Peter P. Charnetsky* of counsel), for appellant.

*Gerald F. Mollen, District Attorney (Joann Parry* and *Mary Ann Lehmann* of counsel), for respondent.

## OPINION OF THE COURT

CREW III, J.

In 1987, the Broome County Narcotics Task Force received information from a confidential informant that Rozann Greco was supplying and distributing cocaine within the county and that she was using her telephone to conduct her drug trafficking activity. After unsuccessfully conducting investigative procedures aimed at unveiling her associates, law enforcement

officials sought an eavesdropping warrant for that purpose. On April 16, 1987, County Court issued an eavesdropping warrant authorizing law enforcement officials to intercept conversations of Greco with unidentified persons relating to drug trafficking. On April 30, 1987, a no-knock search warrant was issued authorizing law enforcement officials to search Greco's home. On May 1, 1987, law enforcement officials executed the search warrant and discovered defendant and Greco in the kitchen near a counter on which cocaine and drug paraphernalia were located. After a jury trial, defendant was convicted of two counts of criminal possession of a controlled substance in the third degree and sentenced as a second felony offender to two concurrent indeterminate terms of imprisonment of 7½ to 15 years. Defendant appeals, seeking review of County Court's partial denial of his suppression motion and denial of his mistrial motion.

Defendant asserts that law enforcement officials failed to disclose to County Court that a firehouse was located directly across from Greco's home from which they could have tried to conduct surveillance. Defendant concludes that it was improper for County Court to issue the eavesdropping warrant because law enforcement officials failed to demonstrate that normal investigative procedures were exhausted before making an application (see, CPL 700.15 [4]; 700.20 [2] [d]). We disagree. It is clear from the record that law enforcement officials conducted surveillance outside of Greco's home from April 2, 1987 through April 10, 1987 and that such investigative procedures did not reveal Greco's supplier or confederates; that Greco lived in a small residential area and continued surveillance of her home may have aroused her or her neighbors' suspicion, thereby compromising the investigation; and that an informant was used to discover as much information as possible concerning Greco's drug-trafficking activity, but could not unveil the identity of her supplier because his information was obtained via telephone conversations. The law requires only that law enforcement officials inform the issuer of the warrant of the nature and progress of the investigation and of the difficulties inherent in the use of normal law enforcement methods. Contrary to defendant's assertion, they need not show that every other imaginable method of investigation has proved unsuccessful (see, People v Rumpel, 111 AD2d 481, 482; People v Contompasis, 108 AD2d 1077, 1079; see also, People v Bachiller, 159 AD2d 955, lv denied 76 NY2d 784; People v Hafner, 152 AD2d 961, 962;

*People v Bavisotto,* 120 AD2d 985, *lv denied* 68 NY2d 912, *cert denied* 480 US 933). Thus, County Court did not abuse its discretion in issuing the eavesdropping warrant.

Defendant next contends that County Court's denial of his motion to suppress the physical evidence seized from Greco's home constituted error. A brief synopsis of the execution of the eavesdropping warrant as well as the application process for the search warrant is necessary to an understanding of defendant's argument. County Court authorized the interception of telephone conversations over Greco's telephone as they pertained to drug dealing and specifically limited the authorization to her conversations. On April 24, 1987 the police intercepted a telephone conversation between defendant, who was using Greco's phone, and an unidentified person with whom defendant was making arrangements for a drug sale. Following the interception of that conversation, law enforcement officials made an application for a search warrant for the residences of Greco, defendant and two others. To establish probable cause for a search of defendant's residence, defendant's intercepted conversation on April 24, 1987 was used. However, additional information was proffered to establish probable cause for the search of Greco's residence and those of the other two persons. County Court found probable cause existed and issued search warrants, which were never executed. Thereafter, on April 27 and 30, 1987, additional sworn testimony was presented to County Court in support of the application for a search warrant for Greco's residence as well as other persons. The additional information was not "derived" from the improper interception of defendant's April 24, 1987 telephone conversation and clearly provided probable cause for the Greco warrant.

 Defendant claims that since the People did not submit a new application for the warrant, the testimony taken on April 27 and 30, 1987 "must relate back" to the original application and, because it was based in part upon the illegally seized conversation, the physical evidence seized from Greco's residence should have been suppressed. Defendant's contention is without merit. In the first place, there was sufficient evidence, absent the illegally seized conversation of defendant, presented to County Court on April 24, 1987 to establish probable cause for the issuance of the search warrant for Greco's residence. Since the warrant was executed within 10 days of issuance, there was no need for a new application or "reissuance" *(see,* CPL 690.30 [1]). Nevertheless, we hold that a court

may reconsider a previously issued unexecuted search warrant when additional information is discovered and may reissue the warrant without the necessity of an entirely new application, so long as the previously submitted application and the information upon which it was based is not so old as to be deemed "stale" and so long as all of the information, taken together, can be said to establish probable cause (cf., People v Tambe, 71 NY2d 492, 502; People v Rezey, 107 AD2d 850).

■ Defendant further contends that County Court erred by not granting his motion for a mistrial (CPL 280.10 [1]). During the People's case, Investigator Leslie Hyman testified that the eavesdropping warrant was issued by the Judge presiding over defendant's trial. County Court, before objection, immediately issued a curative instruction to the jury. Afterward defendant moved for a mistrial, which County Court denied. It is clear from the record that the proof adduced at trial demonstrated defendant's guilt beyond a reasonable doubt. Additionally, there is no significant probability that the jury would have acquitted defendant of either of the two charges absent the alleged inadmissible testimony. The witness' statement was, therefore, harmless error causing no prejudice to defendant (see, People v Crimmins, 36 NY2d 230, 241-242; People v Racine, 132 AD2d 899, 900, lv denied 70 NY2d 754; People v Walters, 116 AD2d 757, 758, lv denied 67 NY2d 891; People v Jalah, 107 AD2d 762, 763).

■ Finally, defendant urges that County Court erred in admitting the contents of six taped telephone conversations which were previously suppressed following a pretrial hearing. At the time of trial the People offered exhibit No. 1 into evidence, which was a packet containing a large quantity of tapes derived from the investigation. Defense counsel objected and as the result of a side-bar the People culled six specific conversations from exhibit No. 1, which were marked exhibit Nos. 1A through 1F and offered into evidence. Defense counsel had no objection to the offer. It appears from a reading of the record that one of those conversations had been previously suppressed by County Court. However, since defendant failed to object to the proffered evidence, the issue has not been preserved for appellate review (see, People v Van Denburg, 107 AD2d 891) and we decline to review it.

We have considered defendant's other claims and find them to be without merit.

MAHONEY, P. J., CASEY, MIKOLL and YESAWICH, JR., JJ., concur.

Ordered that the judgment is affirmed.