■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIAN BROWN, Appellant. [650 NYS2d 836] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered June 16, 1994 in Tompkins County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Following a lengthy investigation conducted by the State Police, the State Organized Crime Task Force and the Cortland County Sheriff's Department, defendant was indicted in June 1992 with four other individuals and charged with participating in an organized narcotics distribution ring that transported cocaine from New York City to Tompkins County for distribu-

tion. The indictment alleged that defendant committed the crimes of: conspiracy in the second degree, criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, two counts of criminal possession of a controlled substance in the third degree and attempted possession of a controlled substance in the first and third degrees.

Defendant's pretrial motions to, *inter alia*, suppress certain eavesdropping evidence acquired during the investigation because the police allegedly had failed to exhaust conventional investigative techniques prior to seeking issuance of the eavesdropping warrants was denied by County Court. Subsequently, pursuant to a negotiated plea agreement, defendant waived his right to appeal all issues with the exception of his claim that the application for the eavesdropping warrant had failed to establish that all normal investigative techniques had been exhausted and, consequently, the evidence gathered as a result of the warrant should have been suppressed. Defendant was sentenced as a predicate felon to serve a term of six years to life imprisonment. This appeal ensued.

Defendant's contention that County Court erroneously denied his motion to suppress the eavesdropping warrant because the application made by the People did not sufficiently demonstrate that conventional means of investigation had been tried and exhausted is without merit. To satisfy the requirements for issuance of an eavesdropping warrant set forth in CPL 700.15 (4) and 700.20 (2) (d), the applicant need not make a showing that every conceivable method of investigation has been tried and failed (*see, People v Moon*, 168 AD2d 110, 112, *lv denied* 78 NY2d 1078). Rather, the requirements are satisfied by establishing "the nature and progress of the investigation and * * * the difficulties inherent in the use of normal law enforcement methods" (*supra*, at 112; *see, People v Baker*, 174 AD2d 815, 817, *lv denied* 78 NY2d 920; *People v Rumpel*, 111 AD2d 481, 482).

The record demonstrates compliance with these criteria in this case. The affidavit of Investigator John Toomey of the State Police Bureau of Criminal Investigation, submitted on the application for the warrant, set out facts showing, *inter alia*, the actions previously taken by police in the investigation of defendant's involvement in the sale of controlled substances and the reason why the eavesdropping procedures were required to discover the full extent of the narcotics trafficking involving defendant. The affidavit demonstrates that normal investigative procedures had been tried including surveillance,

seizure of cocaine, written records, telephone tolls from the premises and pen register analyses, which proved ineffective in accomplishing the goals of the investigation, that is, discovering evidence of the conspiracy in dealing with controlled substances. The police were unable to identify the suppliers, sellers and purchasers of cocaine and marihuana in this particular distribution network; to pinpoint the identity of all individuals participating in the transfer of the proceeds of the distribution ring; to discover the methods, devices and routines employed in the acquisition and distribution of the drugs; to identify witnesses to these crimes who could provide evidence or testimony against the subjects; and failed to secure evidence required to successfully prosecute all participants of the drug distribution ring. Toomey's affidavit also indicated the difficulty in keeping defendant under physical surveillance without being discovered because of the erratic manner in which he operated his automobile.

The affidavit of Task Force Attorney Terrence Kelly provided more facts and details supporting the necessity for and reasonableness of the issuance of this particular eavesdropping warrant. Kelly's affidavit established that the police were unable to infiltrate the distribution network without the eavesdropping warrant. Accordingly, County Court properly denied defendant's suppression motion.

Defendant's other arguments for reversal have been waived by defendant during the plea allocution and defendant is precluded from raising these issues before this Court on appeal (*see, People v Callahan,* 80 NY2d 273, 281; *People v Di Raffaele,* 55 NY2d 234, 239; *People v Rosado,* 199 AD2d 833, 834-835, *lv denied* 83 NY2d 876). These include the contention that the eavesdropping warrant lacked probable cause for its issuance, that the application for the warrant was not made by an authorized person and that the People should have obtained a warrant for the pen register.

Defendant's final contention, raised *pro se,* that he was not supplied with effective assistance of counsel is without merit. We note initially that defendant's ineffective assistance of counsel contentions and the documents submitted in support of such contentions were not presented in Supreme Court and, consequently, are not part of the record on appeal and will not be considered by this Court (*see, Matter of D. B. S. Realty v New York State Dept. of Envtl. Conservation,* 201 AD2d 168).

Viewing the evidence as a whole, we hold that defendant received effective assistance of counsel (*see, People v Satterfield,* 66 NY2d 796; *compare, People v Trait,* 139 AD2d 937, *lv*

*denied* 72 NY2d 867), i.e., "meaningful representation" (*People v English*, 215 AD2d 871, 873, *lv denied* 86 NY2d 793; *see, People v Baldi*, 54 NY2d 137, 147). The record indicates that defense counsel was fully familiar with the People's case, filed an omnibus motion attacking the People's evidence, made an *in limine* motion and made an effective though unsuccessful motion to suppress eavesdropping evidence. Further, defense counsel negotiated a favorable plea bargain to a lesser charge, all in the face of the strong evidence against him which would have been fully admissible at trial.

Casey, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.