■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHAN SOLONCHAK, Appellant. [690 NYS2d 728] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered October 9, 1998, convicting him of conspiracy in the second degree, criminal possession of a controlled substance in the seventh degree, and unlawful possession of marihuana, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress evidence obtained pursuant to an eavesdropping warrant.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the eavesdropping warrant was properly granted. The affidavits submitted in support of the warrant established that wiretapping would be more effective than surveillance or undercover drug buys since it would reveal the location of the drugs, the scope and growth of the conspiracy, and the identity of its participants (see, People v Brown, 233 AD2d 764; People v Hafner, 152 AD2d 961; People v Rumpel, 111 AD2d 481, 482). Accordingly, the County Court properly denied the defendant's motion to suppress the recorded conversations resulting therefrom. Mangano, P. J., Friedmann, McGinity and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS TUZZIO, Appellant. [688 NYS2d 913] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered February 7, 1997, convicting him of aggravated unlicensed operation of a motor vehicle in the first degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not improvidently exercise its discretion in sentencing the defendant as a persistent felony offender (see, Penal Law § 70.10 [1]). The record reflects that the sentence was appropriate in that "the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest" (Penal Law § 70.10 [2]; see, CPL 400.20 [1]; People v Andre, 232 AD2d 884).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Sullivan, J. P., Krausman, Florio and Smith, JJ., concur.